[Philadelphia, February 11th, 1839.]

4wh173
174        9

4wh 173
227     159

## BRADLEY *against* BRADLEY.

### IN ERROR.

The presumption of law is, that the life of an absent person of whom nothing is known, expired at the end of seven years from the time that he was last known to be alive.

This case came before the Court on a writ of error to the Court of Common Pleas of the City and County of Philadelphia, to which Court an issue had been directed by the Orphans' Court for the County of Philadelphia, to determine at what time the death of one Francis Bradley took place.

The issue was tried on the 7th of May, 1835, before King, President, who charged the jury, "that the question of presumption was a question of fact for the jury to find. It was admitted that Francis Bradley had been absent for sixteen years and upwards. It is therefore presumed that he is dead. The law presumes a man to be dead after seven years absence, or seven years from the time that he was last heard of. In this case it is for the advantage of the plaintiff, that Francis Bradley should be considered to have died at the end of sixteen years, and for the advantage of the defendant that he should be considered as dead at the end of seven years. We give you the law that the death is to be presumed at seven years after his absence, and after the last time he was heard of."

The jury found accordingly; and exception having been taken to the charge, the cause was removed to this Court, and error assigned to the charge.

The case was argued at December term, 1837, but in consequence of the pendency of the case of *Burr* v. *Sim*, in which a similar question was to be argued, a decision was not given.

Mr. *Chew*, for the plaintiff in error, contended—
1. That the presumption of law that Francis Bradley was dead,

(Bradley *v.* Bradley.)

arose at the time that it was to be applied to the case, and did not relate back to any date previous to the commencement of the action.

2. That the learned judge was wrong in charging that there was a legal presumption of death at the end of seven years.

He cited *Miller* v. *Beates*, (3 *Serg. & Rawle*, 490.) *Innes* v. *Campbell*, (1 *Rawle*, 373.)    *Doe* v. *Deakin*, (4 *Barn. & Ald.* 433.)

Mr. *Potts*, *contra*, argued that the English rule had been introduced here, and if not, that was a reasonable and convenient one, and ought to be adopted. He referred to 2 *Phillips Evid.* 92, 93. 2 *Starkie's Evid.* part iv. 257.    7 *Petersdorff's Abr.* 514.    *Wilson* v. *Hodges*, (2 *East*, 311.)    5 *Wheeler's Am. Law*, tit. *Evidence*, p. 123. *Doe* v. *Nepean*, (5 *Barn. & Ald.* 86 ; S. C. 27 *Eng. Com. Law Rep.* 42.)

*Cur. adv. vult.*

And now, at this term,

The CHIEF JUSTICE said—The ruling principle in this case, which has been held under advisement for further discussion in *Burr* v. *Sim*,* was put to the jury with peculiar accuracy. The presumption is that the life material to the question expired at the end of seven years from the time that the person was last known to be alive ; and the direction conformed to it.

Judgment affirmed.

* Ante, p. 150.