MAY CONNOR, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

Second Department, October 5, 1917.

Insurance — life insurance — when death of insured not established by finding his effects in bath house — presumption of death after seven years' absence — presumption as to date of death — failure of beneficiary to furnish insurer proof of death after seven years' absence of insured — when action on policy premature — Statute of Limitations.

The fact that clothing belonging to a person whose life was insured was found in a bath house at a bathing beach and his jewelry was found in the office of the bathing establishment and the fact that his whereabouts could not afterwards be ascertained did not establish the fact of death so as to entitle the beneficiary to the proceeds of the policy, until the lapse of seven years.

While an absence of seven years raises a presumption of death which is also presumed to take place at the end of said period, the latter presumption obtains only in the absence of evidence indicating death at some other time. Hence, under the circumstances aforesaid, a finding is justified that the insured, having remained absent for seven years, met his death at the time his effects were found in the bathing house and not at the expiration of the seven years.

But although the seven years have expired the beneficiary is not entitled to bring an action on the policy without proof of the death of the insured, which would include evidence of his absence, and an action brought without said proof is premature where there is nothing to show that the insured waived proof of death.

As the beneficiary was in no position to make proof of death until the presumption thereof arising from the seven years' absence of the insured was available, the Statute of Limitations did not begin to run until that time.

Appeal by the defendant, New York Life Insurance Company, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of said county on the 7th day of January, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of January, 1916, denying defendant's motion for a new trial made upon the minutes.

On the 29th day of June, 1904, the assured, Frederick Winnington, paid a quarterly premium of $13.39 and took out a policy for $1,000 on his life, payable to plaintiff, his intended wife. On August 11, 1904, a suit of clothes, shirt, hat, underwear, shoes and stockings belonging to assured were found in a bath house of the Sea Cliff Inn Bathing Pavilion, and a gold ring and stickpin were also found in the office in an envelope upon which his name was written. The evidence of the plaintiff is that, with a sister of the assured, she thereafter went to a branch office of the defendant, and was told by the party in charge that these facts constituted no proof of death, and to wait seven years, and if the body was not sooner found, the company would pay. There was evidence which satisfied the jury that the assured had disappeared and was absent for seven years. Nine years after the disappearance of the assured this action was brought, and plaintiff had judgment, from which, and an order denying a new trial, the defendant appeals.

*Louis H. Cooke* [*James H. McIntosh* with him on the brief], for the appellant.

*Louis R. Bick* [*Jacob A. Freedman* with him on the brief], for the respondent.

Blackmar, J.:

The judge charged the jury to the effect that in order to render a verdict for the plaintiff they must find that the assured came to his death by drowning on August 11, 1904, and that if proof of death rested on the presumption arising from seven years' absence, the death must be held not to have taken place until the end of that period.

The death of the assured was not established by finding his effects in the bath house and office. (*Nelson v. Masonic*

*Mutual Life Assn.*, 57 App. Div. 214.) If the seven years' absence was established as a fact, a presumption of death arose. The general rule regarding the presumption arising from seven years' absence is that the death took place at the end of this period. (Lawson Presump. Ev. rule 43.) The English rule, followed in this State in *McCartee* v. *Camel* (1 Barb. Ch. 455), is that the presumption is of death only, and not of the time of death, which must be shown by other evidence by the party carrying the burden of proof. Later the rule was otherwise stated in *Eagle's Case* (3 Abb. Pr. 218), and that decision is in accord with the rule in other States. (*Executors of Clarke* v. *Canfield*, 15 N. J. Eq. 119; *Bradley* v. *Bradley*, 4 Whart. 173; *Matter of Board of Education of New York*, 173 N. Y. 321; *Barson* v. *Mulligan*, 191 id. 324.) So the general rule may now be stated to be that seven years' absence creates a presumption that death took place at the end of that period.

But we think that reason and probability require that the rule be modified so that if seven years' absence follows a catastrophe, occurrence or hazard whereby the absent one was subjected to peril of his life of such a character that the evidence of his death might be destroyed with death itself — as for instance death in a conflagration, or by drowning — the inference of fact may be drawn that the death occurred at the time of such peril. The presumption that the death occurred at the end of the seven years obtains only by the necessity of the case in the absence of evidence indicating death at another time. When there is such evidence, the necessity for presuming that death occurred at the end of the period no longer exists.

Assuming, then, that the evidence established seven years' absence, upon which subject as a question of fact we do not think it necessary to express an opinion, the presumption of death follows; and the evidence of finding the clothes of the insured in a bath house, and a ring and a pin in the office, would permit a finding that the death took place on August 11, 1904; and this is not opposed to the doctrine of the *Nelson Case* (*supra*), where the plaintiff's case was not aided by the presumption arising from the seven years' absence.

Without a more minute analysis of the evidence upon which the presumption rests, we may assume for the purposes

of this decision that the jury were justified in finding that the assured came to his death on August 11, 1904.

The plaintiff is entitled under the policy to $1,000 immediately upon receipt and approval of proofs of death of Frederick Winnington, if such death shall occur before the end of the accumulation period of the policy. There is no time fixed within which proofs of death must be submitted. There is no obligation until such proofs of death are submitted and are approved or should be approved. There is a legal presumption, from the lapse of seven years, that death occurred, and there are circumstances from which the time of death could be inferred. Until death could be presumed from the seven years' absence, the time of it could not be inferred from circumstances. The plaintiff, therefore, was in no position to make proofs of death until the presumption was available; and until she made proofs that were approved or should be approved, no cause of action existed, and necessarily the Statute of Limitations did not begin to run.

The complaint should, therefore, have been dismissed on the ground that the action, brought before proofs of death were furnished, was premature. There is nothing in the evidence from which the jury could find that the defendant waived proofs of death being made at the end of the seven-year period. Assuming that the agent with whom plaintiff talked soon after August 11, 1904, had authority to waive proofs of death, he did not do so, but suggested a postponement until the end of the seven-year period. Obviously, proofs of death should include evidence of absence.

The judgment and order of the County Court of Kings county should be reversed, with costs, and the complaint dismissed, with costs.

JENKS, P. J., STAPLETON, RICH and PUTNAM, JJ., concurred.

Judgment and order of the County Court of Kings county reversed, with costs, and complaint dismissed, with costs.