## Police Beneficiary Assn., Appellant, *v.* Ætna Life Ins. Co. of Hartford.

*Insurance—Life insurance—Group policy — Beneficial associations—Presumption as to death.*

Where a beneficial association takes out a group policy. in a life insurance company on October 22, 1914, to reinsure its members, and on February 4, 1916, the wife of one of the members of the association brings suit against the association and recovers death benefits on proof that the last news of her husband was by a letter from him to his son dated August 18, 1906, raising a presumption of death after seven years, and thereafter the association sues the insurance company on the group policy to recover the death benefits it was compelled to pay the widow, the defendant is entitled to a judgment on the ground that the evidence offered in the case and the record of the previous suit showed that the member was dead on October 22, 1914, when the group policy was taken out, and that consequently there could be no reinsurance of his life.

In such a case testimony offered by the widow at the trial of the suit against the insurance company to the effect that the last news heard from her husband was in December, 1907, is immaterial, inasmuch as proof of the husband being alive on October 22, 1914, established that he could not be presumptively dead until October 22, 1921, and the suit was premature.

Argued Dec. 10, 1917.  Appeal, No. 318, Oct. T., 1917, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 3834, for defendant n. o. v. in case of Police Beneficiary Association v. Ætna Life Ins. Co. of Hartford.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit on a group policy taken out by a beneficial association to reinsure its members.  Before PATTERSON, J.

POLICE BEN. ASSN., Appel., *v.* ÆTNA LIFE INS. CO. 461

460, (1918).] Assignment of Error—Opinion of the Court.

The facts are set forth in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Frederick A. Sobernheimer,* for appellant, cited: Maley v. Penna. R. R. Co., 258 Pa. 73.

*Paul Reilly,* for appellee.—The appellee, basing its action on the records, relied on by the appellant, viz: the suit of Mary Gekler against the Police Beneficiary Association, tendered a return of the premiums paid on Gekler life insurance, that record proving, under the Pennsylvania rules of law, that Harry Gekler presumptively was dead seven years from August 18, 1906, viz: on August 18, 1913, more than a year before the policy in suit issued: Bradley v. Bradley, 4 Wharton 173; Burr v. Sim, 4 Wharton 149; Francis v. Francis, 180 Pa. 644; Freeman's Est., 227 Pa. 154; Ancient Order of U. W. v. Mooney, 230 Pa. 16.

OPINION BY WILLIAMS, J., April 22, 1918:

Harry Gekler in 1894 became a member of plaintiff association and by reason of his membership received a certificate which entitled his wife upon his death to receive the sum of fifty cents for each member of the association.

October 22, 1914, a group policy was issued by defendant to plaintiff, covering, inter alia, the life of Harry Gekler.

February 4, 1916, Mrs. Gekler sued plaintiff for the benefits accruing under the certificate. After the trial had started, May 8, 1916, plaintiff notified defendant of the suit. The evidence in that suit was that Gekler left

Philadelphia for the West, March 20, 1906; two letters were received from him by Mrs. Gekler, and one by her son, in the summer of 1906, the last being dated August 18, 1906. She testified she had not heard from him since. The son testified he heard last from his father in July, 1906. Search was made by the police and post office of Los Angeles, California, and also by the Metropolitan Life Insurance Company, in which he was insured, but no trace of him could be found. May 15, 1916, the jury found a verdict for Mrs. Gekler after the court had charged that in order to recover "she must satisfy you that Harry Gekler was dead in December, 1914." January 26, 1917, plaintiff furnished proof of death to defendant stating that "Harry Gekler * died * as per record of the Court of Common Pleas No. 2, Dec. Term, 1915, No. 3807," the record of the proceedings above referred to between Mrs. Gekler and the association. Defendant offered to return the premium paid on Gekler's insurance under the group policy and refused to pay the insurance. Plaintiff brought this suit to recover the amount due under the policy. The testimony was the same as in the former suit against the association, which record was put in evidence, with the addition that Mrs. Gekler testified: "Q. Have you heard anything more from him since that time? A. Not me. Q. Who did? A. Well my son had a letter, either in November or December of 1907, but he has not the letter because that has been destroyed." The son, however, testified the last letter he received was dated July 6, 1906. Under the evidence and the charge of the court below the jury found a verdict for plaintiff. Defendant moved for judgment n. o. v., which was granted because "the proof of death showed that the man was dead before the policy issued and the application for the policy stated that he was alive.

Appellant contends that the judgment in the first action between Mrs. Gekler and the association is res adjudicata that Gekler is dead, and that he died in Decem-

ber, 1914; that defendant is bound by this decision as one interested who received notice of the proceeding. Conceding defendant is bound, it does not appear that the verdict of the jury and the judgment are conclusive that Gekler died in December, 1914. The evidence in that action was that he was last heard from August 18, 1906. The court then charged the jury, that they must, to permit a recovery, find that Harry Gekler was dead in December, 1914, not that he died in that month. The verdict is conclusive in that case and in this that he is dead, and that he was dead before December, 1914, for it was based on evidence that he was last heard from in August, 1906. Presumptively Gekler was dead at the end of seven years from August, 1906: Burr v. Sim, 4 Wharton *150, 149. Under the evidence the jury could not find that he died in December, 1914. Therefore, if the record in the prior suit is res adjudicata of anything it is, by reason of the presumption, that he died in August, 1913, prior to the issuance of the policy here sued on. Mrs. Gekler testified in the present suit that her son had a letter in November or December, 1907. This is expressly contrary to her testimony in the former trial that she last heard from him in August, 1906; to the proof of death furnished defendant; and to the letter of plaintiff's counsel, in which he said: "In March, 1906, the assured, Harry Gekler, left the City of Philadelphia for California, arrived there, and wrote from there to his wife in Philadelphia two letters one dated July 18, 1906, and August 8, 1906, and a letter to his son, Harry F. Gekler, dated July, 1906. Since that time nothing has been heard from the assured." Her son's testimony clearly indicated that he never received any letter after the one written in the summer of 1906.

In the present case it was incumbent on the plaintiff to prove that Gekler was alive when the policy issued, or October 22, 1914. If Mrs. Gekler's testimony does establish this, then Gekler, in the absence of proof of actual death, is still alive, for the presumption is that the life

material to the question expired at the end of seven years from the time that the person was last known to be alive: Bradley v. Bradley, 4 Wharton 173; Maley v. Pa. R. R. Co., 258 Pa. 73. If the jury found he was alive October 22, 1914, it could not in the same case find, with nothing but presumptive proof that he was dead two months later. The presumption of life would extend for seven years after he was last found to be alive. The plaintiff is defeated in either event. If it did not prove Gekler was alive October 22, 1914, the policy never insured him; and if it did prove he was alive October 22, 1914, he could not be presumptively dead until October 22, 1921; and the present suit is premature.

The judgment is affirmed.