JOSEPH A. FALK, Individually and as Administrator, etc., of MYER A. FALK, Deceased, Plaintiff, *v.* EMPIRE STATE DEGREE OF HONOR OF STOCKTON, N. Y., Defendant.*

Supreme Court, Erie County, April 8, 1932.

* See, also, 138 Misc. 697.

*Maynard C. Schaus*, for the plaintiff.

*Benjamin S. Dean* [*Clive L. Wright* of counsel], for the defendant.

NOONAN, J.   On August 6, 1912, the defendant issued its beneficiary certificate No. 25927, for $1,000, to Myer A. Falk, who, with no evidence to the contrary, presumably paid the assessments or premiums thereon until about June or July, 1922, when he disappeared.   Thereafter said premiums were paid by the plaintiff until April 18, 1930, and accepted by defendant without any knowledge of the disappearance of said Myer A. Falk.

The complaint alleges the making of the contract of insurance with the estate of Myer A. Falk, as beneficiary; a change of beneficiary to Joseph A. Falk; the filing of a petition by Joseph A. Falk in the Surrogate's Court of Erie county, praying that letters of administration upon the estate of Myer A. Falk be issued to him; service of a citation in that proceeding upon the defendant herein, and the making of a decree by the surrogate adjudicating that Myer A. Falk was dead and fixing the date of his death as of April 2, 1930.   The complaint further alleges that Myer A. Falk did die in the city of Buffalo on or about April 2, 1930, and that all the conditions of the policy of insurance have been performed.

The answer consists, in substance, of a denial of information and belief as to the death; denials of the allegations of performance of conditions and cause; sets up as separate defenses that no proper proofs of death were furnished as required by the policy and that by the allegations of the complaint and the decree of the surrogate, the plaintiff is estopped from asserting that Myer A. Falk was dead at any time prior to April 2, 1930, and finally that the Surrogate's Court of Erie county had no jurisdiction in the premises,

and that it is, therefore, not bound by its decree fixing the date of the death of said Myer A. Falk.

The case was reached for trial on November 9, 1931; a jury was waived; it was stipulated that the evidence taken in the proceeding in the Surrogate's Court be considered as evidence in this case, and the defendant made certain motions upon the pleadings that need not be formally passed upon in view of the conclusions reached in this decision.

Upon the trial it appeared that the decedent, Myer A. Falk, was about sixty-three years old in 1922; that in July of that year he disappeared from his usual haunts and has never been heard from since by his friends or the members of his family, although search and inquiry has been made for the purpose of ascertaining his whereabouts; that no reason was known to the witnesses which would account for his absence. In January, 1930, the plaintiff, Joseph A. Falk, presented a petition to the Surrogate's Court of Erie county praying for letters of administration upon the estate of Myer A. Falk, and on that petition a citation was issued to the defendant, among others, which was duly served. Upon the return of the petition this defendant did not appear, proof of the facts and circumstances was taken and the surrogate thereupon made a decree awarding letters of administration to this plaintiff and fixing the date of death as the date of the decree, namely, April 2, 1930. The summons is dated September 10, 1930. The policy of insurance contains the following clause: " No action shall be brought on this policy after nine months from the date of the death of the member insured."

At the close of the evidence the defendant moved to dismiss the complaint upon the ground that the plaintiff had not stated a cause of action in his complaint or submitted evidence sufficient to prove any cause of action.

The chief question involved is whether the nine months' period of limitation within which to bring suit has expired, or whether the decree of the surrogate purporting to fix the date of death as of April 2, 1930, is binding upon this defendant so as to obviate the effect of the contract limitation. From the evidence it appears that the decedent had been missing for unexplained reasons, and had not been heard from for a period of seven years, which expired not later than the last day of July, 1929. Under these circumstances, the law raises a presumption, from the fact of absence and the lack of circumstances which would account for his not having been heard from, that he is dead. (*Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197; *Matter of Board of Education*, 173 id. 321; *Barson* v. *Mulligan*, 191 id. 324.)

The latest judicial expression upon this point is found in *Connor* v. *New York Life Insurance Co.* (179 App. Div. 596), which adopts the rule that, in the absence of circumstances indicating otherwise, death is presumed to have taken place at the *expiration of the seven-year period,* in opposition to the English rule that there is no presumption as to the *particular* time of death, which is to be determined by the facts and circumstances of each particular case. (17 C. J. 1174, § 18 and notes 2 and 5.) Under this rule the action was not commenced within the limit of nine months fixed by the terms of the policy.

The remaining question is the effect of the decree of the Surrogate's Court. It purports to establish the date of the death of Myer A. Falk as April 2, 1930, which brings the commencement of the action within the nine months' limitation, but this determination is not in accord with the law in this State. (*Connor* v. *New York Life Ins. Co., supra.*) This decree is not binding upon this court (*Matter of Rowe,* 197 App. Div. 449), nor upon the defendant because it was not a necessary party to the proceeding and is not *res adjudicata* as to it. (*Fish* v. *Vanderlip,* 218 N. Y. 29, 36.) It is not even *prima facie* evidence of death. (*Matter of Katz,* 135 Misc. 861, 872, and cases cited.)

In the *Butler Case* (*supra*) the court says (p. 203): " The burden of establishing the facts which may, within reason, give rise to the presumption is upon the person invoking it. He must prove more than the mere fact of absence during the period. He must produce evidence to justify the inference that the death of the absentee is the probable reason why nothing is known about him. Before a court is justified in presuming the death of a person, at a designated time, because of his absence, the proof should remove the reasonable probability of his being alive at the time."

The evidence shows that Myer A. Falk. was not living with his wife; that he did not have any substantial business interests to keep him here, and there is nothing to show any serious impairment of his health, all of which should be taken into consideration in determining the right of the plaintiff to recover. (*Matter of Katz,* 135 Misc. 861, 870, and cases there cited.) Upon the evidence submitted I do not think the plaintiff is entitled to recover.

A further discussion of the question is made unnecessary by the very thorough opinion in the *Katz Case* (*supra*).

My conclusion is that upon the issues and evidence presented, a presumption arises that Myer A. Falk was dead on the last day of July, 1929, and the cause of action is, therefore, barred by the contract limitation. Therefore, the complaint must be dismissed on the merits, and findings and judgment may be prepared accordingly.