In the Matter of the Estate of ELLEN C. MORRISROE, Deceased.

Surrogate's Court, Putnam County, November 28, 1945.

*Willis H. Ryder* and *Raymond B. Costello,* in person, for Raymond B. Costello as administrator *d.b.n.*

*George W. Cornell* for Mary McCarthy and others, distributees of deceased husband of intestate.

*Nathaniel L. Goldstein, Attorney-General* (*A. W. Feinberg* and *Thomas Burke* of counsel), for unknown heirs or next of kin.

*Theodore K. Schaefer,* special guardian for infant or incompetent distributees of John F. Morrisroe.

BAILEY, S.   In the petition for an intermediate judicial settlement of his accounts, the administrator *d.b.n.* seeks an adjudication of the death of John F. Morrisroe, son of decedent, prior to decedent's death by reason of the disappearance of the said John F. Morrisroe in the spring of 1921.   The petition further states that there are certain life insurance policies upon the life of John F. Morrisroe payable to the decedent as beneficiary and that he is unable to render a final account until it is determined whether the proceeds of such policies will be paid to decedent's estate.

This decedent died May 3, 1938, survived by her husband Patrick Morrisroe and if John F. Morrisroe were living at that time, also by her said son.   Patrick Morrisroe died May 12, 1938

There is a legal presumption in our jurisdiction that in a proceeding concerning property, either real or personal, possessed by a person who has absented himself for a period of seven years such person is presumed to be dead, unless it is affirmatively proved that he is alive at that time. (Civ. Prac. Act, § 341.) This presumption does not arise, however, when there are circumstances or facts which reasonably account for his absence or are reasonably explained without assuming his death. (*Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197.)

In 1921 the absentee was twenty-eight years old; he was born at Mount Holly in Westchester County and except for a short residence in Norwalk, Connecticut, in 1916, had always resided in that general vicinity. As late as September, 1920, he was known to have been living near Katonah and to have visited his aunt in Mount Kisco. He was last seen in New York City in May or early in June, 1921.

The record before the court clearly indicates his disappearance and his continued absence to be circumstances from which he must be presumed to be dead. The testimony shows a personal inquiry and search as well as a diligent and exhaustive investigation through the medium of newspapers and through correspondence with the public authorities and agencies whose facilities are generally used in the search for missing persons. In the furtherance of their efforts, the facilities of a radio broadcasting station with a nation-wide audience were also utilized. Inquiries were made and a search was conducted not only in the United States but also in foreign countries through the medium of the State Department. This investigation and these inquiries have not been confined to the administrator of this estate and the representatives of those who would inherit the property should it be determined the absentee is dead, but also by his parents prior to their death, and other relatives; and also by the life insurance company whose policies covered the life of the absentee. The search and investigation commenced prior to the year 1930 and continued to the inception of this proceeding, and has been entirely fruitless. No information or clue of any kind has been developed to indicate that the absentee is alive.

At the time of his disappearance John F. Morrisroe knew that his parents were the owners of a farm as well as other property and were in comfortable circumstances, and that he was their only heir and would inherit such assets in the event of their death. There is no proof or intimation of any reason or motive

he would have had to remain away were he alive, nor as to why he would not have communicated with any of his relatives. Under all of the circumstances and in the absence of any proof as to his whereabouts, it appears reasonable that the presumption of death be applied.

Having reached the conclusion that the presumption of death be applied, it becomes necessary to determine the date of death. The general rule appears to be that in the absence of a controversy, occurrence or hazard from which it may be concluded death occurred, seven years' absence creates a presumption that death took place at the end of that period. (*Connor* v. *New York Life Insurance Co.,* 179 App. Div. 596; *In re Calnan's Estate,* 55 N. Y. S. 2d 633.) Although he was last seen in May or early in June, 1921, there is reference to a card having been received from him three or four months later. It is therefore determined that he be declared dead as of November 1, 1928.

A decree finding the fact of death as well as the date in accordance with this decision will be signed when submitted.