In the Matter of the Accounting of MOUNT VERNON TRUST COMPANY, as Trustee of a Trust Created by JOHN H. CUTHELL, as Grantor, to Said Trustee.

Supreme Court, Special Term, Westchester County, November 2, 1948.

*Morgan, Bagg & Persons* for Mount Vernon Trust Company, petitioner.

*White & Case* for Archibald B. Campbell, respondent.

*Nathan, Mannheimer, Asche & Winer* for executors of John H. C. Campbell.

FLANNERY, J. The general rule is that seven years' absence creates a presumption that death took place at the end of that period (*Connor* v. *New York Life Ins. Co.*, 179 App. Div. 596, 598). Here, slightly less than five years have elapsed and the only evidence before the court of the death of John Hamilton Cuthell Campbell is the presumptive finding by the War Department on January 17, 1946. Although it sets a presumptive date (January 17, 1946) for the purpose of termination of pay, etc., it does not, under the Missing Persons Act (U. S. Code, tit. 50, Appendix, § 1005) establish an actual or probable date of death. However, it necessarily confines the period of speculation, in the absence of better evidence, to a time ending with January 17, 1946, for a finding made on that date could not relate to the future and its probative force under section 341-a of the Civil Practice Act, could not support a finding of a presumptive or actual date of death subsequent to January 17, 1946.

However, in *Connor* v. *New York Life Ins. Co.*, above cited, the court established the rule that where seven years' absence follows a catastrophe, occurrence or hazard, from which the absent one was subject to peril of his life of a character that might destroy the evidence of death at the very time thereof (as for instance at death in a conflagration or by drowning), the inference of fact might be drawn that the death occurred at the time of the peril. The court said that the presumption that death occurred at the end of seven years was only a rule of necessity in the absence of evidence indicating death at another time and that when evidence of that kind was present the necessity to presume death at the end of the seven-year period was no longer there to create the presumption.

Here, John Hamilton Cuthell Campbell was last seen on January 28, 1944, when the bomber, of which he was a crew member, was damaged by enemy antiaircraft fire in the vicinity of Taroa Island in the Marshall Group in the Pacific Ocean and slowly lost altitude and landed in the sea about three quarters of a mile east of Taroa. Neither the War Department nor apparently any one else has since ever received any information about the fate of any of the crew of this bomber. The letter from the Acting Adjutant General of the Army to the widow of John Hamilton Cuthell Campbell which accompanied the certified copy of the presumptive finding of death is not specific about whether the bomber remained afloat or sank immediately. Nor is there any indication that any one saw any of the crew members leave the bomber either before or after it reached the sea. The bomber was brought down by enemy fire within easy range of all kinds of enemy firearms. It was brought down in enemy territory. In the circumstances the only evidence of death is the occurrence or hazard of the bomber's drop to the sea with a consequent exposure of crew members who survived that to the fire and whim of the enemy, the action of the elements and the possible contact with carnivorous marine life or native uncivilized or semicivilized Polynesians. This seems to be near enough to the " catastrophe, occurrence or hazard " described in *Connor* v. *New York Life Ins. Co. (supra)*, and it is the only evidence of any kind upon which now an actual date of death may be fixed for there is nothing else in the record and the presumptive date set by the War Department was obviously chosen more with an eye upon the convenience of the widow at termination of pay, etc., than upon any actual evidence of death on the date selected.

Accordingly, the court will find that John Hamilton Cuthell Campbell died January 28, 1944. It will thus follow that John

Hamilton Cuthell Campbell died before he attained the age of thirty years and that the corpus of the trust for John Hamilton Cuthell Campbell passed to Archibald B. Campbell, the contingent remainderman and should be paid over to him, together with all net income accrued since that date. In the opinion of the court the decisions and principles set out in *Cunnius* v. *Reading School Dist.* (198 U. S. 458) and *Blinn* v. *Nelson* (222 U. S. 1) do not forbid the immediate payment by the trustee to the contingent remainderman Archibald B. Campbell without further delay and without the provision by him of security. Certainly under those decisions security would not be required if seven years had elapsed since the disappearance of John Hamilton Cuthell Campbell and the court believes the enactment of section 341-a of the Civil Practice Act, where its effect is not unreasonably to shorten the period of suspense, does constitutionally reduce the time within which, in this State, distribution of an absent soldier's estate or of property in which he has a contingent interest, or any decision in relation thereto, may be made. The court is also of the opinion that a New York statute, similar to the Pennsylvania and Massachusetts statutes under consideration in the United States Supreme Court cases cited above, would be preferable to the procedure here required but that is something for the Legislature and the court may not take upon itself either the deferment of the distribution or the exaction of security without some legislative authorization.

Objection No. 1 of the respondent, Archibald B. Campbell, about the commissions to the trustee will be sustained.

Objection No. 2 of the respondent, Archibald B. Campbell, will be overruled, and the payment of the attorneys' fees approved.

Settle decree on notice at chambers, Poughkeepsie.