In our opinion the judgment entered June 28, 1945, is res judicata as to the cause of action set forth in this complaint. (Hollenbeck v. Aetna Cas. & Sur. Co., 215 App. Div. 609; Ziegler v. International Ry. Co., 232 App. Div. 43; Linton v. Perry Knitting Co., 269 App. Div. 724, affd. 295 N. Y. 14.) All concur, except McCurn, J., who dissents and votes for affirmance, in the following memorandum: Upon the trial of the first action plaintiff sought to establish the presumption of death by a seven-year absence, after disappearance in July, 1936. On the trial of the second action, the proof was that the insured had last been seen in July, 1938, and that his absence had been continuous from that time on. Despite the similarity of the complaints, the cause of action actually litigated upon the second trial was a new one not in existence at the time of the trial of the first action. Unless there are circumstances indicating to the contrary, death is presumed to have occurred at the end of the seven-year period of absence. (Falk v. Empire State Degree of Honor, 143 Misc. 486; Zinner v. First Bronx Bankers Mut. Aide Assn., 147 Misc. 47; Matter of Morrisroe, 186 Misc. 146.) The proof in the second action of a second disappearance and absence since July, 1938, created a presumption that the insured died in July, 1945. Thus we have proof of death at a time subsequent to the judgment in the first action. The judgment in the first action is conclusive only as to rights which had already accrued at that time. The fact that the same subject matter was involved is not necessarily controlling. (2 Freeman on Judgments, § 712; Rose v. Hawley, 133 N. Y. 315, 321; Converse v. Sickles, 146 N. Y. 200, 207.) The prior judgment in favor of the defendant was an adjudication that no cause of action under the policy existed at that time. Such judgment was not a bar to this action based upon death presumed to have occurred at a time subsequent to the periocl embraced in the first action. (The judgment is for plaintiff in an action under a life insurance policy. One order denies defendant’s motion to set aside the verdict and for a new trial. The other order amends the previous order.) Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.