In the Matter of the Accounting of PHILIP LEVY, as Executor of MOSE FRANKEL, Deceased.

Surrogate's Court, New York County, August 19, 1949.

*Chauncey H. Levy* and *Sydney Basil Levy* for executor, petitioner.

*Kommel & Rogers* for Bertha Frankel and others, respondents.

FRANKENTHALER, S. Objectants seek a determination that all of the beneficiaries of a testamentary trust predeceased the testator and that they, as residuary legatees, are entitled to receive the principal, consisting of a first mortgage on realty located in this State.

Testator provided that at the termination of the life trust, one half of the remainder shall belong to the residuary legatees and one half to the children of the life tenant her surviving, or if none shall survive, then all to the residuary legatees. Should the mortgage remain unpaid at the death of the life tenant, the will directs the trustees to retain possession of the mortgage and to pay the net income thereof to those persons then entitled to the principal of the mortgage until maturity thereof. Objectants request a construction of the latter provision.

The life tenant, a Lithuanian residing in this country, returned with her children to her domicile of origin several years prior to 1941. Until 1941, she regularly communicated with an aunt,

one of the legatees herein, who resides in this country. Letters and packages were sent abroad and receipt acknowledged by her. This correspondence ended abruptly in 1941, the year in which the Nazi armies invaded Lithuania, there carrying out their policy of extermination of those of the Jewish faith, of which the life tenant and her family were members. Although extensive investigations into the whereabouts of the absentees have been made by attorneys for the parties herein no word has been received from or about them. Inquiries were directed to brothers of the life tenant, persons with whom she would naturally communicate if still alive. Further search was conducted by various groups organized for such purpose. No information was obtained as to her existence or that of her children.

Under such circumstances the law provides that death will be presumed after a seven-year absence, upon the supposition that such absence and a failure to communicate with close relatives overcomes the presumption of continued viability. Such inference of death will be made unless it is affirmatively shown that the absentee was alive during such period (Civ. Prac. Act, § 341; *Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197; *Matter of Wagener*, 143 App. Div. 286; *Matter of Katz*, 135 Misc. 861; *Matter of Lawrance*, 196 Misc. 475).

Ordinarily the death of the absentee is presumed to be at the end of the statutory period (*Falk* v. *Empire State Degree of Honor*, 143 Misc. 486; *Zinner* v. *First Bronx Bakers Mut. Aid Assn.*, 147 Misc. 47). However, where the circumstances under which the absentee disappeared indicate that death occurred at the beginning of the seven-year period, as from some catastrophe or accident from which the absence dates, the court may find that death took place at the beginning of the period. (*Connor* v. *New York Life Ins. Co.*, 179 App. Div. 596; *Matter of Cuthell*, 193 Misc. 226; *Matter of Brevoort*, 190 Misc. 328.)

In this case the court judicially notices the commencement of brutality in the Nazi invasion of Lithuania (*Matter of Elias*, 189 Misc. 279; *Matter of Jansons*, 189 Misc. 554). That these activities continued for several years, and for some time after the death of the testator is also free of doubt. But the efficiency of the system of extermination and the fact that some of the persons concerned were women leads the court to conclude that the absentees died during the period 1941–44, and before testator's death.

The remaining objection concerns the clause regarding the unexpired mortgage. The residuary legatees originally asserted that the direction to the trustees (if the mortgage is still unpaid

at the death of the life beneficiary) to pay the income to the grandnieces and nephew if surviving and to the residuaries, constituted an invalid suspension for a period measured not by lives but by the term of the mortgage. They now stipulate that such direction did not create a suspension of ownership but that title vested upon the preceding deaths. With that position the court agrees. It is necessary however to ascertain what effect, if any, flows from that direction.

The court finds that testator created thereby a power to hold and manage, with title vesting in the residuary remaindermen. (*Tucker* v. *Tucker*, 5 N. Y. 408, 413; *Downing* v. *Marshall*, 23 N. Y. 366, 381; *Smith* v. *Edwards*, 88 N. Y. 92, 109; *Bliven* v. *Seymour*, 88 N. Y. 469, 478; *Robert* v. *Corning*, 89 N. Y. 225, 237, 240; *Van Brunt* v. *Van Brunt*, 111 N. Y. 178, 186; *Vanderpoel* v. *Loew*, 112 N. Y. 167, 181, 186; *Steinway* v. *Steinway*, 163 N. Y. 183, 200; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 581; *Matter of Hitchcock*, 222 N. Y. 57, 71; *Quade* v. *Bertsch*, 65 App. Div. 600, affd. 173 N. Y. 615; *Matter of Bray*, 118 App. Div. 533). Evidently testator deemed it expedient to provide a manager for the mortgage to facilitate collection or foreclosure, in order to avoid any confusion resulting from the fact that the residuary takers were likely to be large in number.

In Chaplin on Suspension of the Power of Alienation, the author says at page 256 (§ 326): " There may, under given circumstances, be a valid power in trust to retain the management of land granted or devised, receive the rents and profits, pay charges therefrom, and pay over the net rents to the legal owner. The performance of such duties does not necessitate a trust, and such a power does not necessarily occasion a suspension of the absolute power of alienation. The legal title is in the grantee or devisee, and so he may at any time convey."

The court finds that, the life tenant having predeceased the testator and none of the contingent remaindermen having survived her title to the mortgage passes immediately to the residuary takers, subject, however, to a power in trust in the trustees named in the will to manage the mortgage and pay the income thereof to the legal owners until such time as the mortgage shall have been paid.

Submit, on notice, decree construing the will and settling the account accordingly.