## Czerwonka Estate

*Emanuel H. Klein,* for administrators.

SATTERTHWAITE, P. J., October 11, 1966.—The first and final account of Stanley Czerwonka, Adam Czerwonka and Lucille Brinkos, administrators of the estate of said decedent, was presented to the court for audit, confirmation and distribution of ascertained balances on October 3, 1966, as advertised according to law. . . .

No unpaid claims against the estate were presented.

Decedent died on September 9, 1965, intestate, a widow, the mother of 15 children. Fourteen thereof are sui juris and stand ready to receive distribution of the net estate. The whereabouts of the fifteenth, John Czerwonka, however, is unknown despite diligent inquiry by accountants and their counsel, who submit that he should be declared legally dead without issue as of a time prior to the death of within decedent, so that the estate should be divided and distributed in fourteenth, rather than fifteenth, shares.

Accountants' report of investigation as to the efforts of themselves and their counsel to find or account for their brother John has been filed in compliance with Supreme Court Orphans' Court Rules, §13, rule 1, and Bucks County Orphans' Court Rule *1301.-1. It unequivocally appears therefrom that he has been absent and unheard of at his former residence since sometime in the year 1943. The auditing judge is satisfied from said report as to the sufficiency of the investigation and of the facts thereby established. Accordingly, it is hereby concluded that the legal pre-

sumption of the death of John Czerwonka should be declared as of the year 1950, a time seven years after he was last seen, heard from and known to be alive, pursuant to the judicial principle applied in such cases as Freeman's Estate (No. 1), 227 Pa. 154, 159 (1910), Maley, Executrix v. Pennsylvania Railroad Company, 258 Pa. 73, 81-85 (1917), and the statutory rule reiterated by the legislature: Section 1201 (b) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.1201 (b). This principle further justifies the presumption, absent the appearance of facts inconsistent therewith, that such an absentee died without issue: Miller v. Beates, 3 S. & R. 490 (1817) ; Duffy's Estate, 36 W. N. C. 199 (1895) ; Damert's Estate, 15 Lanc. 385 (1897).

The problem here presented is not one of the adequacy of the evidence to justify invocation of these presumptions, but rather whether the audit of the within account is a proper occasion and type of proceeding in which to make such a judicial determination. More specifically, is the procedure relating to absentees and presumed decedents, as enunciated by the legislature in article XII of the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 1201, et seq., 20 PS §320.1201, et seq., the sole and exclusive manner by which the legal presumption of death may be established and implemented? If so, the within audit must be held up until such an intermediate step, with its attendant inconvenience, expense and delay, be appropriately accomplished.

Prior to the present provisions of the Fiduciaries Act of 1949, it was well established that under section 6 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS App., §§371-84, inc. and its predecessors, going back to the Act of June 24, 1885, P. L. 155, the statutory mechanics for the judicial declaration of a presumption of death by reason of unaccounted for ab-

sence were not exclusive and did not preclude the collateral determination of such a factual conclusion in the course of, and as an incident to, the disposition of other litigation: Maley, Executrix v. Pennsylvania Railroad Company, supra; Howe's Estate, 29 Dist. R. 436 (1919); Woodside's Estate, 14 D. & C. 34 (1929); Henneous Estate, 32 Erie 276 (1949) Cf. Morrison's Estate, 183 Pa. 155, 162 (1897); Horton v. Horton, 32 Erie 48 (1948). Thus, in adjudicating the proper distribution of the estate of a decedent, it has been held proper to decide from evidence therein presented whether or not an heir or legatee has been absent and unheard of for more than seven years prior to the death of the principal decedent, and, if so, to make distribution of the subject estate on the basis that such heir or legatee predeceased: Appeal of Esterly, 109 Pa. 222 (1885); Czop Estate, 1 Fiduc. Rep. 391 (1951).

A similar result has obtained in the Philadelphia Orphans' Court in an estate where principal decedent died *after* the effective date of the Fiduciaries Act of 1949: Hoff Estate, 32 D. & C. 2d 154 (1963), 14 Fiduc. Rep. 119. The auditing judge likewise believes that the rationale of the older decisions is still applicable, and that the Hoff case should be followed. Accordingly, the within estate may be distributed, as accountants suggest, on the basis that a judicial determination has been, and hereby is, made in the within audit that John Czerwonka predeceased decedent, without issue, and that, therefore, the balance for distribution in accountants' hands should be awarded to the 14 surviving heirs.

Notwithstanding that the case is not within the strict requirements of section 1203 of the Fiduciaries Act of 1949, the auditing judge believes that it would be better practice to require, and, therefore, hereby does require, the within distributees to furnish, and

accountants to file, refunding bonds against the theoretical possibility that John Czerwonka may someday appear. Compare Meaher's Estate, 28 W. N. C. 275 (1891) ; McCann's Estate, 14 Dist. R. 316 (1905). Under the circumstances, such bonds may be without surety: Howe's Estate, Woodside's Estate and Henneous Estate, all supra.

No schedule of distribution need be filed.

The account is hereby confirmed, and it is ordered and decreed that Stanley Czerwonka, Adam Czerwonka and Lucille Brinkos, administrators as aforesaid, shall make and pay the distributions herein awarded forthwith upon the absolute confirmation hereof.

And now, October 11, 1966, the within adjudication is directed to be filed and is hereby confirmed nisi.