In the Matter of the Claim of ROYCE FALVEY, Respondent, v JOHN F. CURRY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, October 25, 1979

### APPEARANCES OF COUNSEL

*Charles J. Jones* for appellants.

*Israel, Adler, Ronca & Gucciardo* for Royce Falvey, respondent.

*Robert Abrams, Attorney-General (Henriette Frieder* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Claimant's decedent was last seen and heard from on the night of February 11, 1970 before leaving his residence to inspect some properties insured by his employer. His unoccupied car was found by police early next morning illegally parked with the door open and the motor running. Various items, including the insurance file decedent was working on and one of his shoes, were found in the car.

Following the passage of five years without the return of decedent or discovery of his body, claimant applied for letters of administration. On October 14, 1975, the Surrogate's Court of Kings County issued temporary letters of administration to claimant in a decree which stated that decedent was dead and that the date of death was presumed to be February 11, 1970, the last day on which he was seen or heard from. Claimant then filed a claim for death benefits with the board on November 20, 1975. The employer and carrier appeal from the board's decision awarding benefits to claimant, contending that (1) there is no substantial evidence supporting the board's finding that decedent's death arose out of and in the course of his employment, and (2) the claim is barred by section 28 of the Workers' Compensation Law.

■ A coworker testified that decedent was working on a file involving property in Long Island City and that he often went into the field to see customers. Claimant stated that decedent told her he was going to look at property in Long Island City. The car decedent was driving was found near that area with the file on the Long Island City property inside. In view of this evidence, we cannot conclude that there was not substantial evidence to support the board's finding that decedent died in the course of his employment (see *Matter of Fallon v National Gypsum Co.,* 53 AD2d 745, mot for lv to app den 40 NY2d 803).

■ The more difficult issue on this appeal concerns section

28 of the Workers' Compensation Law, which requires a claim for death benefits to be filed within two years of the time of death. Since the Surrogate's Court decreed that decedent died on February 11, 1970, the employer and its carrier argue that the claim was not timely filed within two years of the date of decedent's death. This argument must be rejected because it is based upon a faulty premise, that being the presumed date of decedent's death. EPTL 2-1.7 (subd [a]), which provides the statutory authority for the Surrogate's Court decree, states that when a person's unexplained absence for five years is shown, that person will be presumed "to have died five years *after* the date such unexplained absence commenced" (emphasis added). Only when a person was exposed to a "specific peril of death" may it be determined that the person died less than five years after the date his absence commenced (EPTL 2-1.7, subd [a], par [1]).

Since the circumstances surrounding decedent's disappearance do not indicate that he was exposed to a specific peril of death from a clearly identified disaster (see *Connor v New York Life Ins. Co.,* 179 App Div 596; Hoffman, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 2-1.7, p 87), decedent's death must be presumed to have occurred on February 11, 1975, five years after he first disappeared. The claim filed on November 20, 1975 is thus timely and the board's decision should be affirmed.

The decision should be affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier.

GREENBLOTT, KANE, MAIN and HERLIHY, JJ., concur.

Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier.