■ In the Matter of the Claim of GRACE CAPORINO, Respondent, v GENERAL FOODS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Workers' Compensation Board, filed March 5, 1985.

Gabriel Caporino, claimant's decedent, was last seen on March 7, 1974 in New Orleans, Louisiana, where he was attending a regional sales conference in his capacity as an employee of General Foods Corporation. Investigations conducted by police authorities and private investigators have produced no evidence regarding his whereabouts since that time. In October 1974, claimant filed for workers' compensation death benefits on behalf of herself and her two minor children born of her marriage to decedent; she listed March 7, 1974 as the date of decedent's death. Because there was no proof that decedent had in fact died, the Workers' Compensation Board closed the case without prejudice. Since decedent was still missing and unheard from five years after his disappearance, the Surrogate's Court of Westchester County, in response to claimant's petition for letters of administration upon decedent's estate, declared that he was dead and that he was presumed to have died March 7, 1979 (see, EPTL 2-1.7).

Based upon the decision of Surrogate's Court, claimant filed an application with the Board to have her case reopened. The matter was thereupon restored, the Board established decedent's date of death as March 7, 1979 and awarded benefits accordingly. This appeal ensued.

Whether the Board's designation of March 7, 1979 as the date of decedent's death for purposes of computing the compensation award was correct is the single issue raised. The employer maintains that decedent should be deemed to have died on the date of his disappearance, that nowise could he be viewed as still being in the course of his employment in March 1979, five years later. However appealing that argument may be, it is unavailing, for the Board's determination is warranted by the case law. EPTL 2-1.7 (a) declares that a person, not exposed to a specific peril of death, will be presumed "to have died five years after the date such unex-

plained absence commenced" *(see, Connor v New York Life Ins. Co.,* 179 App Div 596). That principle applies and has been implemented in workers' compensation cases not significantly dissimilar from that at bar *(see, Matter of Falvey v John F. Curry, Inc.,* 70 AD2d 280). Since there is no claim that decedent encountered a specific peril of death, we sustain the Board's decision.

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.