---

### HURLBERT v. HALLOCK et al.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1911.)

WILLS (§ 497*)—CONSTRUCTION—ESTATE DEVISED—"CHILDREN."

    Testator gave his residuary estate to his executors, in trust to divide the same into five parts, and to pay the income of one share to a daughter or to her children for the support of the daughter and children, and provided for a division of the corpus at a designated time, and that a one-fifth share should go to the "children" of the daughter "living at the time of such division." *Held*, that the word "children" did not include grandchildren, since the term "children" does not include "grandchildren" unless the intention of testator discloses the contrary, and only the children of the daughter living at the time of the division of the corpus could participate in the distribution.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1081; Dec. Dig. § 497.*

    For other definitions, see Words and Phrases, vol. 2, pp. 1115–1141; vol. 8, p. 7601.]

Appeal from Equity Term, Chautauqua County.

Action by John L. Hurlbert, administrator with will annexed of David Wright, deceased, against Ernest Hallock and another, individually and as ancillary administratrix of Henry H. Hallock, deceased, and others, for the construction of the will of deceased. From a judgment construing the will, certain of the defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Elton D. Warner, for appellants.
James L. Weeks, for respondents.
John L. Hurlbert, pro se.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SPRING, J. The action was commenced by the sole surviving executrix of the will of David Wright, late of the city of Dunkirk, deceased, to obtain a construction of such will, and the controversy involved the fifth, sixth, seventh, and eighth paragraphs thereof.

The bequests to the "Hallock" branch of the Wright family are alone before us for consideration, as no appeal has been taken by the parties affected thereby from that part of the judgment interpreting and giving effect to any of the other legacies contained in the will. Sarah Wright Baker died after the appeal to this court, and the plaintiff, who had been appointed administrator with the will annexed, was substituted as party plaintiff.

At the time of the execution of the will in February, 1894, David Wright had a wife and five children, each of whom had attained majority, and they were all alive at the time of his death in May, 1900. Within a few years death made a remarkable harvest among the members of the family. The widow died in April, 1905, and since that time four of the children have died, leaving Mary Tuthill the only surviving member of his family. His daughter, Adeline Hallock, was married at the time the will was made and had three children ranging in ages from 12 to 19 years. At the time his will was made, his daughters Sarah and Susan were unmarried, although the former married before the death of the testator. The son was married and had children born after the death of the testator. There are no other grandchildren than those mentioned.

Mrs. Adeline Hallock died September 5, 1908, leaving a husband and the three children surviving, and by will gave all of her property to her husband, except $3. Her son, Henry G., died in February, 1909, survived by his wife and a son then about one year old, and these two are the appellants in this action.

By the earlier provisions of his will, the testator made general bequests to each of his children and also provided for his wife. By the fifth paragraph he devised and bequeathed all the residue of his estate to his executors, "and to the survivor of them, with full power to sell and convey any and all real estate that I may own at the time of my death, in trust nevertheless, for the purpose herein following. My executors shall divide the said residue and remainder into five equal shares and they shall pay the net rents, issues, income and profits of said property and estate annually, share and share alike, as follows: One share thereof to said Adeline M. Hallock or to the children of said Adeline M. for the support and maintenance of herself and children as the said executors may think best, subject to this provision. I have heretofore advanced to said Adeline M. Hallock more than ten thousand dollars ($10,000.00)."

He directed his executors to retain each year out of the income paid to said Adeline the sum of $1,000 until said sum of $10,000 be paid. The other four shares of the income were to be paid equally to the other four children, subject to a deduction of $1,000 a year in the share of Schuyler, to whom he had also advanced more than $10,000.

The sixth paragraph pertains entirely to the disposition of the corpus of the estate, and is in part as follows:

"The principal sum of said residue and remainder shall be divided by my executors at the death of the survivor of my daughters, Sarah and Susan, unless the survivor of them should live for more than twenty years after my decease, in which case, I direct my executors to make division of said principal sum at the expiration of twenty years after my decease, as follows: One-fifth to be paid to each of his two daughters, Sarah R. and Susan, the survivor to take in case the one first dying should die without issue and without disposing of her share by will; one-fifth to the daughter Mrs. Tuthill (who was 48 years of age when the will was executed), providing she shall be living at the date of the division of said principal sum of said remainder; one-fifth share thereof to the child or children of the said Adeline M. Hallock living at the time of such division; one-half of one-fifth share to my son Schuyler H. Wright and to his children, providing said children or the said Schuyler be living at the time of such division."

The other one-half of that share was given to Sarah R. and Susan.

By the seventh item the executors were directed to pay to each of his children out of the principal held in trust $1,000 annually, with authority, in their discretion, to increase the payment in each or any year to $3,000.

In the eighth clause he made Sarah R. and Susan residuary beneficiaries, "including all legacies that may lapse." These two daughters, with a nephew, who did not qualify, were named as executors.

The executors distributed from year to year the income and rents among the children in accordance with the provisions of the will, and they also paid to each of the children each year $3,000 of the principal sum in the exercise of the authority intrusted to them in the seventh item of the will. The payments of the income, and of the principal as well, were made directly to Adeline of her share. After her death the income of this share was paid equally to her three children until the son, Henry G., died; and since then payments of two-thirds of this one-fifth share have been made to each of the two surviving children, while the other one-third of the income and of the sums of principal has been retained by the executors awaiting the determination of this action.

The estate of the testator now remaining, consisting chiefly of real estate of the value of more than $350,000, is ready for distribution as soon as the plaintiff is advised of the disposition to be made of the one-third share of the one-fifth to be paid to Adeline or her children.

It is evident that the testator knew well the qualifications and deficiencies of his children. The text of the will supports the inference that Adeline had in some way met with financial reverses by reason of which he had felt obliged to aid her. He provided carefully for the maintenance of herself and children. He did not permit her to participate in the final division of his estate. On the other hand, he had in mind to assure to her a certain income for a considerable period. Sarah R. and Susan were, respectively, 33 and 27 years of age when the will was made, and the ultimate division of the estate was postponed for 20 years, in case either of these daughters lived out that period, which might reasonably be anticipated. During that time Adeline or her children would receive the income and she her

aliquot part of the principal—$1,000 at least, and possibly $3,000, each year. The disposition of the share which he intended for Adeline, or her children, therefore, was thoughtfully planned by the testator, not from choice perhaps, but for the reason that he deemed it necessary to place restrictions upon the payments to her and her children.

As stated, the primary purpose of the payment from the income to Adeline, or to her children, was to make certain a home for them. Henry married and then became the head of a family, and no longer a member of the family the testator had provided for when he made the provision referred to; and yet Henry received his share of the income as long as he lived, and his widow and son claim one-third of the balance of this share accruing to the time of the final distribution of the estate.

The canon of construction is a general one, and well established, that the term "children" does not include grandchildren. Pimel v. Betjemann, 183 N. Y. 194, 200, 76 N. E. 157, 2 L. R. A. (N. S.) 580; Davies v. Davies, 129 App. Div. 379, 382, et seq., 113 N. Y. Supp. 872, affirmed 197 N. Y. 598, 91 N. E. 1111.

The dominating rule of interpretation is to give effect to the purpose the testator intended to accomplish by his will, and, if the context shows that he expected the expression "children" was to receive a wider significance than it naturally implies, that meaning will be given to it, for all formal rules must yield to the fundamental one. In this case the will of the testator does not call for a construction extending the import of the expression. He framed his will to the exclusion of the grandchildren of Adeline. He provided for the devolution of the shares of Sarah and Susan to their issue without any limitation and also with power of disposition by will. Adeline was not within the compass of this favorable consideration from her father. The $3,000 of the principal which the executors have deemed expedient to pay to each beneficiary yearly was paid to Adeline, as the will directed "payment to each of my children." If the right to the payment of these sums from the principal vested in Adeline, she disposed of her estate by will, and, if not, the appellant grandchild is excluded from participating by virtue of the rule adverted to; and there is no controversy between the husband of Adeline and her two surviving children presented on this appeal.

As Sarah and Susan are dead, the time has arrived for a division of the principal sum of the testator's estate. Adeline, had she lived, could not have shared in this division. The Hallock one-fifth passes to her "child or children * * * living at the time of such division." The division was not to be made until "at the death of the survivor of * * * Sarah and Susan," and it is that final determination of the trust fund which the testator had in prospect when he limited the Hallock share "to the child or children of Adeline living at the time of such division." This clause is in the sixth paragraph of the will, which is devoted wholly to the final division of the corpus of his large estate.

In his treatment of the Hallock share of the property to be finally

divided he carries out the scheme of the will manifest from the beginning. He leaves no room for grandchildren to participate. There are many cases where clauses somewhat similar have been held to date back the vesting of the estate to the death of the testator. The construction adopted prevailed in those cases because the general plan and context of the will called for it. The interpretation did no violence to the obvious purpose of the testator, so full effect could be given to the rule in favor of the vesting of estates at the death of the testator.

The testator here permitted Schuyler to share in this division to the extent of one-tenth, only he was to partake with his children, and here again he kept in view his intention to restrict by the clause "providing said children or the said Schuyler be living at the time of such division."

I am of the opinion, therefore, that the testator did not intend that the principal fund should vest at the time of his death, but it was to be carried forward to the final division of his estate which he had provided for so clearly in his will. However, the question is not an important one, for even if this one-fifth share vested in the three children of Adeline at the death of the testator, it was subject to change when the final division was made. The intention of the testator is clear that only the children living at the time of such division were to participate in that distribution. I think the appellants are not entitled to share further in the distribution or division of the estate.

The judgment should be affirmed.

Judgment affirmed, with costs and disbursements of all parties appearing on this appeal to be paid out of the principal fund. All concur.