(158 App. Div. 440.)

### ECKERSLEY v. CURRAN et al.

(Supreme Court, Appellate Division, Second Department. September 23, 1913.)

ABSENTEES (§ 6*)—PROPERTY—DEPOSITS IN COURT.

> More than 7 years after the disappearance of plaintiff's intestate, under circumstances justifying the presumption at the expiration of 7 years that he was dead, in an action to partition land, of which his uncle died intestate, it was ordered that the share of the proceeds of a sale to which plaintiff's intestate would have been entitled, if living, should be paid to the county treasurer, for the benefit of such intestate or such other persons as might be entitled thereto. Nearly 30 years thereafter plaintiff was appointed administratrix, and applied for the payment to her of such deposit, without offering any proof as to the date of her intestate's death. *Held*, that the application was properly denied, as it was not shown that the fund was an asset to which she was entitled, since, if her intestate died before the uncle, he took no title, if he died without issue, no title could be traced through him, and if he died after the uncle, and before the sale, the deposit retained the nature of land, and the administratrix was not entitled to it.

> [Ed. Note.—For other cases, see Absentees, Cent. Dig. §§ 12, 13; Dec. Dig. § 6.*]

Appeal from Special Term, Kings County.

Action by Ellen Eckersley, as administratrix of Michael Curran, deceased, against James T. Curran and others. From an order denying plaintiff's application for the payment to her of a certain fund, she appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Daniel De V. Harned, of New York City, for appellant.
Robert P. Beyer, Deputy Atty. Gen., for respondents.

THOMAS, J. Plaintiff's half-brother, Michael Curran, born in Astoria, N. Y., on December 23, 1834, lived there with his father and stepmother until 1861, when he entered the federal army, but reappeared at his sister's home about the fall of 1863, and stated that he had deserted and had been quietly living in the city of New York, and expressed the view that he would not be found, as he had enlisted under the name of Richard Rockett. He stated that he might re-enlist, and that in that case his sister would certainly be informed of him. After some two weeks at home he disappeared, and nothing has been heard or seen of him since that time by his family. He was unmarried. In June, 1880, his uncle died intestate, seised of certain real property, which was sold in February, 1883, in an action of partition, wherein by final judgment it was provided:

"And it appearing to the court by all the proceedings herein and by said interlocutory judgment that the defendant Michael Curran and the unknown defendants above mentioned were served with the summons herein by the publication thereof, and that neither said defendant Michael Curran nor said unknown defendants have appeared in this action, and that said defendant Michael Curran would, if living, be entitled to the remaining one-sixth share of said proceeds, but that it could not with reasonable dilgence be ascertained whether said defendant Michael Curran was living or not, or whether, if living, he has a wife, or whether, if deceased, he left a widow or children or descendants, or whether he left a last will, or whether he ever made any disposition of his interest in said premises, or, if said defendant Michael Curran is deceased, whether he died prior to or since the death of Rev. Michael Curran, deceased, mentioned in said interlocutory judgment, it is further ordered, adjudged, and decreed that said referee pay the said remaining equal one-sixth share of the residue of said proceeds to the treasurer of the county of Kings to the credit of this action, to be invested in permanent securities at interest for the benefit of said defendant Michael Curran or said unknown defendants, or such other person or persons as are entitled thereto, until claimed by him or them, or his or their legal representatives; but such payment so to be made to said county treasurer shall be without prejudice to the right of any party to this action, or of any other person interested in said share, at any time to make application therefor, or for any part thereof, or for a different disposition of the same, upon such terms and conditions as to this court may seem proper and just, and that any party to this action may apply at any time for such other or further relief in the premises as may be just and proper."

Such share is now deposited with the treasurer of the state. On February 21, 1912, by a decree adjudging that Michael Curran was dead, letters of administration upon his estate were issued to the plaintiff, and she moves to receive the deposit, and the state appears. Has she title to it? When did Michael Curran die? If he died before the uncle, he took no title; and if he died without issue, no title can be traced through him. If he died after the uncle, and before the sale of the land, the deposit retains the nature of land, and the administratrix is not entitled to it. If he died after the sale, his administratrix, duly appointed, is entitled to the fund. But there is no evidence that he died at such time as entitles the administratrix to take the money. The judgment in the partition action intended that the money

should be paid to any person proving title to it. The plaintiff asserts title in her representative capacity, and clearly she does not show that the fund is an asset which she is entitled to take. It is now nearly 50 years since Michael disappeared, under such circumstances as to justify the presumption that he was dead at the expiration of 7 years after 1863. This was explained painstakingly by Mr. Fisher, referee in a previous and similar application, and it is not perceived why the administratrix should move again without further information of the date of the death.

In the partition action the court could have proceeded on the presumption that Michael died before his uncle, and adjudge the fund to those entitled if they were made proper parties. But the present order should be affirmed, without costs. All concur.