In the Matter of the Estate of PELAGIE SCHOONMAKER, Deceased.

Surrogate's Court, New York County, May 28, 1936.

*Bigham, Englar, Jones & Houston* [*P. J. Kooiman* of counsel], for the petitioners.

*Joseph A. Cox*, for the public administrator.

*Paul Windels, Corporation Counsel*, for the chamberlain of the city of New York.

DELEHANTY, S. By decree dated August 12, 1929, settling the account of the public administrator, it was provided: " He is directed to pay the distributive share of Maria Johanna Frere, being the sum of Three Thousand Three Hundred Ninety-two and 45/100 ($3392.45) Dollars, together with accumulated interest, if any, into Court by depositing same with the City Chamberlain, to be held, managed, invested, reinvested, collected and disposed of by him for the benefit of Maria Johanna Frere."

On that accounting everybody interested in the estate was cited. The decree there entered is final unless some legal basis for amending or vacating it is presented.

Next of kin of deceased now apply by petition for the opening and correcting of the decree so as to provide that the moneys so directed to be paid into the city chamberlain's office be distributed to the next of kin as if the person named in the quoted excerpt from the 1929 decree had died before deceased. The citation issued on the petition is addressed to this absentee sister of deceased and to her descendants and distributees.

On the argument of this application the position taken by the next of kin essentially was that the court erred in the original determination made on the accounting and that the proof then before the court did not support the distribution to the sister of deceased there directed to be made but on the contrary required the court to direct distribution to the next of kin of deceased other than the sister.

The position now taken could have been taken by the next of kin upon the accounting. They assert that they did not know of their rights, however, until after the decree had been entered and so they now come in long after their time to appeal has expired and ask to have the decree opened and modified for the reasons and in the particulars stated.

Essentially their position is that though the sister of deceased was known to be living at a time when the presumption of continuity of her life would require a finding that at the date of the decree she might still be living, her failure to attend and obtain

her share of the estate by establishing affirmatively her survivorship of deceased required the court to find as a fact on the accounting that she was dead prior to the death of deceased. In support of this contention the next of kin cite some English authorities which are in point and some American authorities which are plainly distinguishable on their facts. Whatever may be the rule of law in England it is clearly settled for this State that mere absence is an insufficient basis upon which a presumption of death may rest. It is clearly the law in this State that the party who asserts the death of an absentee must present proof of facts which, supplementing proof of absence, would warrant a finding of death. (*Matter of Board of Education*, 173 N. Y. 321; *Butler* v. *Mutual Life Insurance Co.*, 225 id. 197.)

Had the moving parties raised the issue of the date of the absentee's death in the accounting proceeding they would have been heard there. The court had the authority there to determine whether or not the absentee sister of deceased was dead and, if dead, to determine the date of her death. (*Matter of Benjamin*, 155 App. Div. 233; *Matter of Wagener*, 143 id. 286; *Barson* v. *Mulligan*, 191 N. Y. 306, 324; *Eckersley* v. *Curran*, 158 App. Div. 440.) The moving parties do not offer now to supply any proof. They seek apparently to establish as a principle of law that on this record, and without proof of anything more than mere absence, they are entitled to open this decree and to have its terms amended so as to direct delivery to them of the share set aside for the absentee sister. On the authorities cited the legal position taken by the moving parties must be held to be unsound. Since they do not ask that the court exercise its discretion to open the proceeding for the purpose of taking further proof on the facts and since they offer no further proof, their application must be and is dismissed.

Submit, on notice, order accordingly.