In the Matter of the Accounting of PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Acting Trustee under the Will of JANE S. BLAIR, Deceased.

Surrogate's Court, Kings County, May 19, 1943.

*Charles A. Clayton* for trustee.

*Olin, Clark & Murphy* for Gladys T. Larson.

*Edward F. Curley, Jr.,* for Helen E. L. Peterson.

*Paul J. Madden* for Henry L. Gabelman.

*Edward A. Vosseler,* special guardian for Charles R. Heitzman, Jr., and Robert J. Heitzman, infants.

McGAREY, S. Testatrix died on July 1, 1932, survived by two brothers, a sister and ten nieces and nephews. She left a will and codicil which were admitted to probate on July 27, 1932.

The will consists of sixteen numbered provisions. The codicil, while amending the will in certain respects, in no way affects the question of construction presented. Testatrix after making certain preliminary gifts to her brothers, nieces and nephews and a friend, by paragraph " Thirteen " of her will, directed the erection of a trust of her residuary estate. By subdivision III of said paragraph, the trustees were directed to pay the income of said trust to the sister and two brothers of testatrix " for and during the term of the natural lives of the two of them who shall firstly die ". Subdivision IV then provides that " upon the death of any two of my said sister and brothers, * * * the foregoing trust shall cease and determine." Testatrix then provides by subdivision V: " I do thereupon dispose of the said corpus or trust fund and any unpaid accumulations thereon as follows: " and therein bequeaths to the survivor of said sister and brothers the sum of $20,000 absolutely. By subdivision VI each of seven named nieces and nephews is bequeathed the sum of $1,000, and by subdivision VII it is provided: " VII. All the rest, residue and remainder of said trust fund, with any unpaid

accumulations thereon, including therein any legacy which may have lapsed by reason of the death of any of my seven nephews and nieces lastly hereinabove mentioned, I do give, devise and bequeath unto my nieces, Florence E. Gabelman, Gladys T. Larson and Helen E. Lahn, share and share alike, or if any be dead, to the survivors of them, share and share alike, absolutely.''

The two brothers of testatrix have died and the residuary trust has thereby terminated. Upon the judicial settlement of the account of the sole remaining trustee, certain questions have arisen in respect to the distribution of the corpus thereof.

One of the three remaindermen named in subdivision VII of paragraph '' Thirteen '' and two of the legatees named in subdivision VI of said paragraph survived testatrix but died prior to the termination of the trust. It is now claimed by their respective legal representatives that the gifts to them vested indefeasibly in each of them upon their survivorship of the testatrix.

The court agrees with this contention. The text of the several provisions of the will permits only of an interpretation that the testatrix intended the legacies bequeathed by subdivision VI and the remainders bequeathed under subdivision VII to vest indefeasibly in the several named beneficiaries thereof upon survivorship of the testatrix. (*Matter of Montgomery,* 258 App. Div. 64, affd. 282 N. Y. 713.) The court is required to take the will as it finds it and give effect to it as written, and that is what the draftsman of the will has caused the testatrix to say in her intention. (*Matter of Watson,* 262 N. Y. 284, 299.) If testatrix intended survivorship of the life tenants of the trust, she did not so express herself, and the court may not rewrite the will to effectuate such intention. In a prior provision of the will she gave a life estate in certain premises to a brother and devised the realty upon his death to a niece. Here she specifically made an alternate devise of the realty in the event that the niece failed to survive the life tenant, indicating that she was aware of the doubt which might arise if the remainderman should predecease the life tenant and the will were silent as to disposition of the realty on the happening of such contingency. Her failure to provide for similar disposition of the remainder of the corpus of the residuary trust is significant, and points clearly to an intention that vesting occur at her death.

The result thus reached is supported by well-recognized canons of construction. '' Words of survivorship and gifts

over on the death of the primary beneficiary are construed, unless a contrary intention appears, as relating to the 'death of the testator '' (*Nelson* v. *Russell*, 135 N. Y. 137, 141). The law favors the vesting of estates and unless a contrary intention is unequivocally expressed, it will not be imputed. (*Connelly* v. *O'Brien*, 166 N. Y. 406; *Hersee* v. *Simpson*, 154 N. Y 496.) Where remaindermen are specified *nominatim*, their interests are presumed to vest on the death of the testator. (*Matter of Soy*, 143 Misc. 217, and cases therein cited.) Words of present gift in reference to a remainder are strong evidence of an intention to vest the remainder on the death of the testator. (*Matter of McParlan*, 169 Misc. 1027.)

In making distribution of the residuary estate a fund must first be set apart in amount sufficient to produce the income required to pay the annuity bequeathed by paragraph '' Tenth '' of the will. The parties in interest as herein determined may stipulate as to the size of the fund or, upon their inability to agree, the court will make such determination after taking proof of the facts.

The balance of income shown in schedule H-2 of the account to be due to the estate of the first to die of the two life tenants of the residuary trust is properly payable only to his legal representative.

Submit decree on notice in accordance herewith.