In the Matter of the Accounting of BANK OF NEW YORK, as Trustee under the Will of JOHN T. HARRISON, Deceased.

Surrogate's Court, Richmond County, September 26, 1947.

*Emmet, Marvin & Martin* for trustee, petitioner.

*L. W. Widdecombe,* special guardian for unknown distributees of Andrew Bowne and another.

*John T. Harrison,* respondent in person.

BOYLAN, S. This is a final accounting in which the trustee requests construction of decedent's will and the fixation of fees.

The testator died on March 6, 1863, a resident of Richmond County, New York, and his will was admitted to probate by this court on May 18, 1863. Paragraph " Seventh " devised certain real property to his daughter Eliza T. Harrison upon condition that his widow be permitted to use and occupy the same. Paragraph " Eighth " provides that if Eliza T. Harrison should die without issue after the death or remarriage of his wife, Jane Harrison, the executors should sell said real property and divide the proceeds of such sale as follows: "To pay to my grandson, John T. Harrison, son of Howard R. Harrison, $1000.00; to the three sons of my daughter Frances M. Hayes, and to John T. Bowne, son of Cora Bowne, each $500.00. To divide the remainder equally among my then surviving children, and children of such as shall have died."

In 1913 the property was sold as a result of certain statutory proceedings instituted by the life tenant and the proceeds thereof were paid by order of the Supreme Court to the trustee " for the benefit of said life tenant."

The life tenant, Eliza T. Harrison, died April 19, 1942, at which time her mother, the testator's second wife, Jane, had long been dead. The testator's grandson, John T. Harrison, son of Howard R. Harrison, the decedent's son by a former marriage, had predeceased her leaving a son now living, John T. Harrison, as his only issue. Decedent's daughter, Frances M. Hayes, had long been deceased and her three sons, to each of whom the testator left $500, had predeceased the life tenant leaving no issue. William H. Hayes died in or about 1874, Newkirk R. Hayes in or about 1893 and Ferdinand H. Hayes in or about the year 1905. All were unmarried. Cora Bowne and her two children, Andrew B. and John T. Bowne, predeceased the life tenant. John T. Bowne left him surviving one child, his only issue, Percy Harrison Bowne, who died in or about the year 1936 without issue. Andrew Bowne had two children, Cora Bowne who died in or about the year 1935 and Andrew Bowne, who disappeared many years ago.

The bequests set forth in paragraph " Eighth " of the will are of specific sums and to specific legatees. All the legatees survived the testator.

Section 40 of the Real Property Law reads as follows: " § 40. *When future estates are vested; when contingent.* A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the

person to whom or the event on which it is limited to take effect remains uncertain.''

A reading of the paragraph in question indicates that the right of the legatees to take is not dependent upon the happening of some uncertain event and that the persons who take are certain. The fact the legacies were subject to defeat in case Eliza T. Harrison left issue does not make the gifts contingent. (*Matter of Woodruff*, 135 Misc. 203, 206.) Where the will describes the takers of a future estate or interest by their proper names or *nominatim*, as it is said, the gift is not one to a class, and the devisees and legatees in the absence of anything to indicate a different intention, are held to take vested, descendible and devisable interests (*Overton* v. *Wilson*, 156 App. Div. 22, affd. 209 N. Y. 573; *Matter of Blair*, 181 Misc. 320, 323). A description of the proposed beneficiaries by number rather than by name does not constitute a gift to a class but one to the designees in their individual rights (*Matter of King*, 200 N. Y. 189). The court holds that the rights of the legatees to take under paragraph '' Eighth '' of the decedent's will are vested.

After directing the payment of specific sums be paid from the proceeds of the sale of the property, decedent directed his executors '' To divide the remainder equally among my then surviving children, and the children of such as shall have died.'' It is obvious that '' then surviving children '' refers to the death of Eliza Theodosia Harrison, the life tenant. As there is futurity attached to the gift to a class and the persons composing such class cannot be ascertained until the death of decedent's daughter, the gift is contingent. (*Matter of Baer*, 147 N. Y. 348, 352; *Matter of Crane*, 164 N. Y. 71.) The question arises as to whether the word '' children '' as used in this paragraph is to be construed as meaning immediate descendants, or as including grandchildren and more remote descendants. It is well recognized that '' children '', both in legal phraseology and popular useage, is commonly understood to refer to descendants in the first degree. Where the word is employed in a will as a designation of the objects of the testator's bounty, it is to be accepted in this sense in the absence of anything in the context of the instrument or the surrounding circumstances to show an intention to the contrary (*Palmer* v. *Horn*, 84 N. Y. 516, 520; *Lytle* v. *Beveridge*, 58 N. Y. 592, 605).

Like other rules of construction or presumptions, the one above stated must yield to proof of intention to have the word '' children '' include others than immediate descendants (*Hurlbert* v. *Gerow*, 148 App. Div. 378, 382, affd. *sub nom. Hurlbert*

v. *Hallock,* 208 N. Y. 633). The court "may resort to the context to see if the testator has, by his use of language, or by other provisions of the will, made it a flexible term, or whether its primary meaning attaches strictly." (*Matter of Paton,* 111 N. Y. 480, 487.) Accordingly the term will be given the meaning of grandchildren and issue, however remote, where the provisions of the will indicate an intention on the part of the testator to use it in this sense. (*Matter of Paton, supra.*) Where the will creates a life estate or trust and gives the remainder or corpus to the "children" of the life tenant or beneficiary, the word will be held to include grandchildren, the immediate descendants having died during the lifetime of their parent. (*Smith v. Lawrence,* 66 Hun 362.) The circumstance that the testator's grandchildren will be disinherited if the word "children" is accepted in its primary sense, gives rise to a presumption that the testator did not intend the term to have this meaning. That is to say, there is a presumption against the disinheritance of grandchildren (*New York Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11, 21). Where the language of the will is colorless as to intention, the presumption against disinheritance of the testator's grandchildren requires, it seems, that "children" be interpreted to include them (*Matter of Paton, supra; Low* v. *Harmony,* 72 N. Y. 408, 414) and a conclusion that this is the import of the term may be based upon the presumption against intestacy (*Prowitt* v. *Rodman,* 37 N. Y. 42, 54).

In *Matter of Tone* (186 App. Div. 361, affd. 226 N. Y. 696) the court in construing the word "children" reviewed the New York cases and said at page 365: "Where, therefore, it appears from the entire will that it was the intention of the testator, or where a different construction would give rise to partial intestacy, or where in a statute, either from the statute itself or the purpose of its enactment, or from the provisions of other cognate statutes, the intention of the Legislature is manifest, the word "child" or "children" will be given the comprehensive meaning of issue or descendants."

In the case now before the court a construction that the word "children" did not include descendants would give rise to partial intestacy. A perusal of the entire will indicates an intention to confine the devolution of the testator's property to his heirs, and the court holds that when he used the term "children" in paragraph "Eighth" of his will, he used it as meaning "descendants".*

Another question presented is whether the distribution to the descendants of John T. Harrison was to be per capita or

---

* See, also, *Matter of Stecher,* 190 Misc. 502.— [REP.

per stirpes. "The presumption in this state favors a *per capita* distribution (*Schmidt* v. *Jewett, supra* [195 N. Y. 486]; *Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125), but the presumption yields to ' a very faint glimpse of a different intention.' (*Ferrer* v. *Pyne*, 81 N. Y. 281, 284; *Vincent* v. *Newhouse*, 83 N. Y. 505, 513; *Bisson* v. *West Shore R. R. Co., supra.*) " (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168, 173–174.)

The will taken in its entirety indicates an intention that the distribution be per stirpes rather than per capita. In his will the testator gave a series of life estates with remainders over. In paragraphs second, third, fourth, fifth, sixth, ninth and tenth the testator provided for per stirpes distribution. The court holds that the remainder under paragraph "Eighth" is distributable to the descendants of John T. Harrison per stirpes.

The court has been asked to declare Walter Henry Van Clief and Andrew Bowne dead. Section 341 of the Civil Practice Act provides: "341. *Presumption of death in certain cases.* A person possessed of personal property in this state or upon whose life an estate in real property depends, who remains without the United States, or absents himself in the state or elsewhere for seven years together, is presumed to be dead, in an action or special proceeding concerning such property or the administration of the estate of such person, unless it is affirmatively proved that he was alive within that time."

The evidence in this proceeding establishes the absence of Walter Henry Van Clief and Andrew Bowne for a period far in excess of "seven years together". Andrew Bowne has been neither seen nor heard from since 1916. Walter Henry Van Clief has not been seen or heard from since 1927. The general rule is that an absentee who has not been heard from for seven years may be presumed to be dead at the expiration of that period. (*Barson* v. *Mullligan*, 191 N. Y. 306.) The court declares that Andrew Bowne presumably died in 1923 and Walter Henry Van Clief in 1934. It is presumed that absentees die intestate, unmarried, and without heirs in the absence of a showing to the contrary. (*Matter of Katz*, 135 Misc. 861.) The court holds that Andrew Bowne died intestate, unmarried, and without issue and that Walter Henry Van Clief died intestate leaving as his sole issue Martha Van Clief Nelson and Henry Frederick Van Clief.

An allowance of $2,000 is granted to the attorneys for the petitioner for all services rendered, including this accounting and construction proceeding.

Enter decree in accordance herewith.