In the Matter of the Accounting of FRANCIS J. MULLIGAN, Public Administrator of the County of New York, as Administrator of the Estate of MARY L. LAWRANCE, Deceased.

Surrogate's Court, New York County, August 16, 1949.

*Joseph A. Cox* for administrator, petitioner.

*Townsend & Lewis* for Louise S. Meade and others, respondents.

FRANKENTHALER, S. The objectants in this accounting proceeding have successfully demonstrated that, except for Anna M. Lawrance, an alleged sister, they and others named in the objections and in the bill of particulars are deceased's only next of kin. A question has been raised concerning the existence of said sister. Anna Lawrance was born in Detroit, Michigan, in 1884.

Her last known residence was in Paris, France, and the last communication with her occurred in the year 1919. Inquiries were conducted by members of her family, who have attempted upon several occasions to secure information concerning her whereabouts. Further investigation was made by a nephew while abroad during the recent war. No other record or evidence has been found tending to show whether or not she is still alive. Under these circumstances, a presumption is raised that she is dead and that she died seven years after she was last heard from or communication was had with her (Civ. Prac. Act, § 341; *Matter of Rowe*, 103 Misc. 111, affd. 197 App. Div. 449, affd. 232 N. Y. 554).

A determination of presumptive death of an absentee may properly be made in a proceeding to account for the estate of one from whom the absentee would inherit if still alive and the law of this State will control in making such a determination (*Matter of Wagener*, 143 App. Div. 286; *Matter of Benjamin*, 155 App. Div. 233; *Matter of Rowe, supra; Matter of Brown*, N. Y. L. J., June 8, 1948, p. 2151, col. 5; cf. also *Cerf, v. Diener*, 148 App. Div. 150; *Matter of Harrison*, 190 Misc. 215; and *Eckersley v. Curran*, 158 App. Div. 440). *Matter of Matthews* (75 Misc. 449), insofar as it denies the power of this court to make a finding of presumptive death during the administration of the estate of another person, must be taken as having been overruled. Even if direct administration were to be had elsewhere upon the estate of the absentee herself, it is now well settled that such proceeding would not bind the court administering this estate as to the fact or date of death, nor would it constitute prima facie evidence of those matters (*Scott v. McNeal*, 154 U. S. 34; *Carroll v. Carroll*, 60 N. Y. 121; *Marks v. Emigrant Ind. Sav. Bank*, 122 App. Div. 661; *Matter of Rowe, supra*).

Anna M. Lawrance having presumably predeceased the intestate, the estate of the latter is distributable to the objectants and the other next of kin shown to have survived the intestate. The estate will be divided into five shares. One share will be distributed to Dr. Mason Romaine, nephew; one to Florence Stratton Morrill, niece; one to Louise Stratton Meade, niece; one to Charles N. Romaine, IV, Worthington Romaine, and Dr. Mason Romaine, III, children of Charles N. Romaine, nephew, to be divided equally between them; and one share to Craig Scott Romaine, Ella Victoria Romaine, Lawrence Hamilton Romaine, and Mary Louise Romaine, children of Lawrence H. Romaine, nephew, to be divided equally between them.

Submit, on notice, decree settling the account accordingly.