In the Matter of the Accounting of Margaret C. Moors, as Administratrix of the Estate of Anna A. Hoag, Deceased.

Surrogate's Court, Saratoga County, October 20, 1949.

*Harold J. O'Keeffe* for Mary Ahearn, petitioner.

*Patrick J. Keniry* for administratrix.

*Aaron Brenner,* special guardian for John P. Ahearn.

TUCK, S. This is an application to open a decree of judicial settlement made on the part of one Mary Ahearn, mother of John Patrick Ahearn who, by the terms of the decree entered herein, was, by the express language of the decree, declared to have been dead on July 17, 1944.

The intestate, Anna A. Hoag, died April 24, 1948.

The proofs disclose that John Patrick Ahearn left his home in Saratoga County and went to the State of New Jersey and thereafter went to the city of Chicago, Illinois, and the last heard from him was a letter upon stationery of a Y.M.C.A., dated in June, 1937, written to his mother, Mary Ahearn, in which he stated that he was going to the State of Michigan to seek work in a paper mill. The facts in relation to the receipt of this letter were testified to by the said Mary Ahearn and the letter itself was offered and received in evidence.

There was also proof that Mary Ahearn, mother of the absentee, John Patrick Ahearn, had collected proceeds of a policy of insurance upon his life in 1945, upon a stipulation that if he returned she would pay over the money so received to him.

There is also proof of inquiries made of the chief of police of the city of Chicago concerning any incident with which John Patrick Ahearn might have been connected in 1937, and also inquiry concerning the war records bureau of the military authorities since John Patrick Ahearn would have been within the draft age for service in World War II. These inquiries elicited no information.

Further grounds upon which the petition is based are that John Patrick Ahearn was named as a distributee in the petition for letters of administration of the estate of Anna A. Hoag, deceased, and that the pleadings in the proceeding for judicial settlement failed to disclose that a judgment would be sought determining that John Patrick Ahearn was dead. There may be deficiencies which in a proper case could, or should, be corrected upon an application by a proper party.

The decree which was entered herein directed distribution of the surplus of the estate of Anna A. Hoag without reference to any share therein of John Patrick Ahearn. No proceedings have been taken in relation to the estate of John Patrick Ahearn.

Formerly it seems to have been the practice in similar cases to direct the deposit of the share of an unknown absentee in court but the present practice seems to be to make a distribution of the unknown absentee's share. (*Matter of Wagener,* 143 App. Div. 286; *Eckersley* v. *Curran,* 158 App. Div. 440; *Matter of Lawrance,* 196 Misc. 475.)

So far as known it appears that the absentee was unmarried at the time he was last heard from, and if the presumption of death should prevail in relation to him it is also presumed that he died intestate and unmarried. (*Matter of Katz,* 135 Misc. 861.)

In the authorities submitted by the attorney for the administratrix of Anna A. Hoag, the right of Mary Ahearn herein as a party is challenged.

Letters of administration have never been issued to her nor so far as appears from the record have letters been issued anywhere to any person.

The determination of presumptive death of an absentee under similar circumstances has been found in accounting proceedings of a representative of an estate from which the absentee would inherit if still alive. (*Matter of Wagener,* 143 App. Div. 286, *supra; Matter of Benjamin,* 155 App. Div. 233; *Matter of Rowe,* 103 Misc. 111, affd. 197 App. Div. 449, affd. 232 N. Y. 554; *Matter of Harrison,* 190 Misc. 215; *Eckersley* v. *Curran,* 158 App. Div. 440, *supra; Matter of Lawrance,* 196 Misc. 475.)

A determination to the contrary in *Matter of Matthews* (75 Misc. 449), which was decided by Surrogate FOWLER of New York County, was explained out of the context of the opinion in later decisions by the same Surrogate. (See *Matter of Smith,* 77 Misc. 76, and *Matter of Benjamin,* 77 Misc. 434.)

Unless the proofs disclose that John Patrick Ahearn is still alive, or if not still alive, that he died subsequent to the date of death of Anna A. Hoag, the petitioner, Mary Ahearn, is not a party in interest in this estate. No proof to that effect having been made an order should be entered herein finding and determining she is not a party in interest and dismissing her petition.

Enter order upon notice accordingly.