W. Vuígeut Grady, S.
Application has been made to this court by Daniel S. Bobrow, of Schultz Hill Boad, Town of Clinton, Dutchess County, New York, praying for a decree determining that his wife, Carol I. Bobrow, is dead and awarding letters of administration to him upon her estate.
A citation was issued out of this court to the missing Carol I. Bobrow and to Fred and Freída Stern, her parents, the only persons interested in this proceeding, and publication of citation was made in the Rhmebeck Gazette and the Poughkeepsie Neto Yorker, Dutchess County newspapers.
On the return day of the citation no one appeared in opposition to the petition and the court after hearing Keith A. Gourlay, Esq., on behalf of petitioner and having read the affidavit of Dutchess County Sheriff C. Fred Close, and the other evidence submitted by petitioner, and after due deliberation thereon, the court decides and finds as follows:
It appears that Carol I. Bobrow, 34 years of age, was last seen at her home on Schultz Hill Boad, Town of Clinton, Dutchess County, New York, on March 25,1958, by her husband, *817 the petitioner, when he left her at approximately 9:00 a.m., to make deliveries of certain articles of printing in Rhinecliff and Iiyde Park, Dutchess County, N. Y. During his absence, the Bobrow home burned to the ground with no trace of his wife, Carol I. Bobrow, being found thereafter except that some small bones were found in the debris following the fire to which flesh was attached. It was determined after laboratory analysis that the bones were part of the incinerated remains of a female of about 30 years of age consisting of a human left hip joint, acetabulum which was partly burned away, and a portion of the ischium, including the spine and tuberosity. According to the medical evidence, it was disclosed that it was entirely possible for a human body to be completely incinerated because of the long duration of the fire. Since the fire, investigation of the whereabouts of Carol I. Bobrow was conducted by the State Police, the Sheriff’s office, the District Attorney’s office, the Fire Department and volunteers throughout the entire area and no evidence has been found of the whereabouts of Mrs. Bobrow. A nine-State teletype alarm giving her description was broadcast over interstate teletype system and over the radio system, WEOK and WHIP of Poughkeepsie, and WSKN" of Kingston, and no response has been made to these alarms. An additional fact of importance is that the Bobrows had two cars; one was used by petitioner on the morning of March 25, 1958, the other was still on the property after the fire, although it appears that Carol I. Bobrow usually drove one of the cars when she left her home.
All these facts considered together present strong evidence of the death of Carol I. Bobrow in the fire on March 25, 1958.
An inquest has been held by Dr. Chester H. Golding, Jr., Medical Examiner of Dutchess County, and witnesses were examined and the minutes of the inquest made a part of this proceeding. The Medical Examiner found that the remnants of a body found in the fire on March 25, 1958 are that of a female of the approximate age of 30 years, but he made no determination as to the cause of death or to the fact of death of Carol I. Bobrow.
Under the provisions of section 341 of the Civil Practice Act, there is a presumption of death after seven years’ absence.
However, it is generally accepted law where a person has disappeared, that it is not always necessary to wait for seven years before attempting to prove him dead. The facts surrounding his disappearance may of themselves be sufficient to show death. Where a disaster has occurred and it is known that the person was at that place, this may be sufficient proof *818 of death. (2 Warren’s Heaton, Surrogates’ Courts, § 141.) In such cases, it is to be determined as a question of fact depending upon evidence when death probably occurred, and if the circumstances known are sufficient to authorize such a conclusion, the decision may be placed at such a time short of the seven years as the proof may indicate (Matter of Brevoort, 190 Misc. 328, 332).
It is a clearly established rule that the burden of proving a person to be dead is upon him who alleges that to be the fact. He must present evidence which in addition to the presumption arising from absence will justify a finding that the absentee is dead (Matter of Schoonmaker, 160 Misc. 810, affd. 254 App. Div. 833).
There is a distinction to be made between mere unexplained absence and a disappearance under circumstances that strongly point to immediate death. Where testator was last seen under such circumstances that he was threatened by an immediate fatal danger, such facts may create a presumption of death (Matter of Miller, 67 Misc. 660; Matter of Brevoort, 190 Misc. 328, 332, supra).
In Matter of Morgan (30 Misc. 578) it was held that an important element of proof of death is the happening of some disaster. Circumstantial evidence was deemed sufficient to prove that a testatrix perished in a hotel fire, although the remains of all the victims of the fire were so completely consumed as to be incapable of identification.
The evidence submitted by petitioner on this application in the opinion of the court is sufficient to reasonably presume that Carol I. Bobrow is dead, and the court so finds that she died on March 25, 1958 as the result of the fire in her home at Schultz Hill Road, in the Town of Clinton, Dutchess County, New York.
Submit decree accordingly and for the appointment of petitioner, Daniel S. Bobrow, as administrator of her estate upon his qualifying according to law.