William J. Regan, S.
In this proceeding for issuance of temporary letters of administration, petitioner seeks a determination that her husband, Robert E. Rausch, be presumed to have died as a result of his being exposed to a specific peril on April 16,1970, pursuant to provisions of EPTL 2-1.7 (subd. [a], par. [1]). The section provides that the death of a person will generally be presumed to have occurred upon his unexplained absence and upon the expiration of five years after the date such absence commenced. The petitioner invokes the use of paragraph (1) of subdivision (a) which provides that facts indicating “that such person was exposed to a specific peril of death may be sufficient basis for determining that he died less than five years after the date his absence commenced The petitioner also cites several cases wherein death was determined prior to the expiration of the statutory period. (Matter of Cuthell, 193 Misc. 226; Matter of Bohrow, 14 Misc 2d 816; Matter of Zucker, 31 Misc 2d 176.)
It appears from the testimony and" exhibits submitted at a hearing held on August 17, 1973, that the petitioner married Robert E. Rausch in Hamburg, New York, on January 29, 1960, and that three children were born of said marriage. The court *484 has appointed a guardian ad litem to safeguard and protect the interests of the absentee and' the infant issue of this marriage.
Petitioner testified that Eobert E. Eausch was employed at the Bethlehem Steel plant until March of 1961, when he became á member, of the United States Air Force, holding the rank of captain. That the parties resided together at various Air Force bases until approximately 1968 when they returned to Hamburg to establish a permanent residence. On or about December 26, 1969, Capt. Eobert E. Eausch received orders assigning him to duty in South Vietnam.
The petitioner testified that she was informed by the Department of the Air Force on or about April 23, 1970, that her husband and the pilot of his plane departed Tan Son Nhut Airfield in Vietnam at 11:35 a.m. on the 16th of April, 1970, on a photographic reconnaissance mission over Laos. That after contact had not been re-established with Capt. Eobert E. Eausch’s plane after 2:00 p.m. on April 16, 1970, search and rescue units were immediately alerted and other aircraft operating in the vicinity were diverted to perform visual and electronic search along Capt. Eobert E. Eausch’s intended flight path. That intensive search operations were conducted and continued along said flight path and contiguous areas. Search and rescue units reported sighting a metal filled crater on April 17,1970, and examination of photographs taken of said crater resulted in a teiitative identification of the crater as the crash site of Capt. Eobert E. Eausch’s aircraft.
. The Air Force further advised petitioner that the crater was located just below the demilitarized zone in an area having a high concentration of enemy forces. A map of the area was introduced into evidence to designate the approximate location of the crash site. The rescue operation, having failed to contact or locate Capt. Eobert E. Eausch, was terminated as of April 23,1970.
The aforesaid testimony was corroborated by a letter and affidavit admitted into evidence from Joseph G. Luther, Colonel, United States Air Force, who is the official custodian of the casualty records of the Air Force personnel. The affidavit of Col. Luther further alleges that the United Stales Air Force, since cessation of hostilities between forces in South Vietnam, and the return of all prisoners of war to the United States, interrogated the prisoners and none had indicated seeing, hearing or having any contact with Capt. Eobert E. Eausch. The court takes judicial notice that the Government of the United States has declared that all prisoners of war of the Vietnam conflict *485 have been returned to the United States pursuant to the terms of the withdrawal and cease fire agreement.
The petitioner has made several inquiries of the Department of Air Force as to the further status of her husband and has requested that his status be changed from missing in action to a finding of death. The United States Department of the Air Force and other military departments have been restrained from making and/or changing the status of any person declared to be missing by an order of the Hon. D. J. Metzxer, a Federal Judge in the United States District Court in the Southern District of New York. An examination of the restraining order indicates that the secretaries of the various military departments shall not make any official report of death or finding of death with respect to any person declared to be missing in action, pursuant to the United States Code (tit. 37, §§ 555, 556), except upon the receipt of a written request from the primary next of kin that they not delay any findings based on the information in their possession. The petitioner has on several occasions made such a request. The Federal court restraining order does not in any way restrain this or any other court from making a finding of death pursuant to the laws enacted in said jurisdictions.
This court is also concerned with the welfare of the children of this marriage and is satisfied, after a review of the report and recommendation of the guardian ad litem that the moral and temporal interests of the children would be best served under all circumstances by determining the death of their father.
It is the opinion of this court, therefore, based upon the extensive testimony and exhibits admitted into evidence that Robert E. Rausch may be presumed to have died as of April 16, 1970, haying been exposed to a specific peril, and awards temporary letters of administration to petitioner.