OPINION OF THE COURT
Arthur D. Spatt, J.
This motion by plaintiff for an order, (1) pursuant to section 244 of the Domestic Relations Law, directing that the plaintiff have a money judgment against the defendant in the sum of $5,300 representing unpaid alimony and child support under a judgment of divorce dated March 23, 1978 (Young, J.), together with appropriate interest and costs; (2) directing that plaintiff have a judgment of arrears against the defendant in the sum of $376.21 representing a sum paid by plaintiff for which defendant was responsible, together with appropriate interest and costs; and (3) pursuant to section 243 of the Domestic Relations Law for an order of sequestration of the defendant’s assets, which are held by the county treasurer in the court’s trust fund, so as to. direct the county treasurer to pay to plaintiff $100 *823 per week from said sequestered assets, is determined as set forth below.
BACKGROUND AND CONTENTIONS <
The judgment of divorce provided that defendant pay to the plaintiff the sum of $100 per week for her support and the maintenance of the infant issue of the marriage. Until December 25, 1979, defendant made regular payments, the last covering the period for the week of December 10, 1979. Thus, as of the return date of this motion, December 15, 1980, the defendant failed to pay the sum of $5,300 covering the period from December 17, 1979, through December 15,1980.
In addition, in the stipulation of settlement, the defendant agreed to assume certain debts, of which, plaintiff states, the sum of $421.35 including interest to September 11,1978, is owed by defendant.
Plaintiff states that “the defendant is missing, and has been missing, since on or about January 12, 1980. He was a passenger on. a private airplane flying from South Caicos Island, Bahamas, to Florida. The plane left the Bahamas and neither the plane, the pilot nor the defendant have been seen or heard from since that date and no plane wreckage has been found.”
By an order of the Surrogate’s Court dated September 23, 1980 (Delin, S.), a wrongful death action involving the decedent son Anthony Chiaramonte, Jr., was compromised, by the terms of which the sum of $10,723.35, determined to be the share of the defendant in the estate of his son, was directed to be paid into court pursuant to SCPA 2223 on behalf of the decedent’s missing father, the defendant herein.
Plaintiff seeks sequestration with regard to this sum deposited with the Nassau County Treasurer’s court and trust fund, in the amount of $100 per week to satisfy the provisions of the judgment of divorce.
As of November 24,1980, according to the affirmation of plaintiff’s attorney, there is on deposit with the Nassau County Treasurer in Account No. 7708 the sum of $10,723.35.
*824 Although not clearly set forth, the court presumes that plaintiff wishes to execute her judgments against the defendant’s share of the said wrongful death proceeds now on deposit with the Nassau County Treasurer. In addition, plaintiff requests that her attorney be named receiver of the balance of the funds so that he can forward to her the sum of $100 per week in the future.
The court notes that service upon the missing defendant was made by publication, pursuant to an order of this court dated November 10, 1980 (Burstein, J.).
The County Attorney opposes only the initial requested relief that the county treasurer pay to plaintiff the sum of $100 per week on the ground that such a method of payment would be burdensome; would create problems as to interest penalties; and would force the treasurer to become a bookkeeper for an outside party. An alternative suggestion put forth is to turn over the entire sum to plaintiff’s attorney or to some other court-appointed trustee for the purpose of making such periodic disbursements.
determination
While ordinarily a judgment would have been granted in favor of the plaintiff against the defendant in the sum of $5,300 plus interest, with regard to arrears to December 15, 1980, and in the sum of $421.35 plus interest as to the unpaid debt, the circumstances in this case prevent the court from doing so at this time.
We have a situation involving a missing defendant, under circumstances, as noted above, which point to a probability of a plane accident and the death of the defendant on or about January 12, 1980. Although the statutory presumption of death, governed by EPTL 2-1.7, concerns a person who is “absent for a continuous period of five years”, there is authority within this section for a determination that defendant died on or about January 12, 1980, as follows: “The fact that such person was exposed to a specific peril of death may be a sufficient basis for determining that he died less than five years after the date his absence commenced.” (EPTL 2-1.7, subd [a], par [1].)
Where the five-year absence follows an accident, occurrence, catastrophe or hazard, from which the absent one *825 was subject to the peril of his life of a character that might destroy the evidence of death at the very time thereof (as for instance a plane accident at sea and subsequent drowning) , the inference of fact might be drawn that the death occurred at the time of the peril. (Connor v New York Life Ins. Co., 179 App Div 596; Matter of Cuthell, 193 Misc 226.)
There is a distinction between mere unexplained absence and a disappearance under circumstances that strongly point to immediate death, as in this case. (See Matter of Bobrow, 14 Misc 2d 816.)
Stated simply, the general rule that death is presumed to occur at the end of an unexplained absence of five years does not apply where the absentee met his death in a perilous occurrence. In such a case, death is presumed to have occurred on the date of the accident. (See Matter of Zucker, 31 Misc 2d 176; Sellons v Fishangri-La Inc., 145 NYS2d 588.)
In general, a provision in a judgment in a matrimonial action for alimony does not survive the death of the husband; and upon the husband’s death, the obligation for support and maintenance ceases and may not be enforced. (Wilson v Hinman, 182 NY 408; Rosenberg v Rosenberg, 42 AD2d 590; Enos v Enos, 41 AD2d 642.)
Taking this rule one step further, a judgment on a matrimonial action for alimony does not survive the death of the husband in the absence of an agreement by the parties. (Ehrler v Ehrler, 69 Misc 2d 234.) Here, the full stipulation referred to in the judgment of divorce has not been annexed so that the court cannot ascertain whether the defendant agreed to bind his estate to pay alimony or support payments after his death.
Similarly, there is no common-law or statutory obligation on the part of a parent for the support of his child after his death; and, absent agreement, the court is powerless to provide in a judgment that the husband shall continue payment for the support of his child after his death. (Flatta v Flatto, 59 AD2d 695; 2 Foster and Freed, Law and the Family, § 23:12.)
In a case involving a somewhat similar factual situation, Matter of Enggren (174 Misc 194), a wife, deserted almost *826 20 years, attempted to obtain wrongful death funds belonging to her husband for her support. A special guardian had been appointed and the court enunciated the problem involved, as follows (p 196): “It is a fact familiar to those who have studied the development of this particular phase of the law, that this subdivision was added to the section in an attempt to remedy situations similar to that adjudicated in Scott v. McNeal (154 U. S. 34, 47), which had held that the ordinary administration on the estate of an absentee-was insufficient to confer jurisdiction on a court of decedent devolution to permit it to divert property which belonged to an absentee, who was not actually dead, to others, and that, upon his return, he could overturn the entire adjudication.”
If the defendant did, in fact, die, as a result of the plane accident, on or about January 12, 1980, all alimony and support would cease and terminate as of that date. In that event, the funds on deposit with the county treasurer would pass by operation of law to defendant’s distributees or, if he died testate, to the persons named in his will. If the defendant is adjudged to have died without a will, his distributees are set forth in EPTL 4-1.1. In this case, it appears that the sole surviving issue, the son Steven C. Chiaramonte, 13 years of age, would be entitled to his father’s entire estate.
As to any sums for alimony and support, or for any indebtedness incurred prior to January 12, 1980, plaintiff would be entitled to judgment, there being no triable issues of fact. In this case, the plaintiff is entitled to $100 per week for the weeks starting December 17, 1979, and ending with the week starting January 7, 1980, a total of four weeks, or $400. In addition, plaintiff is entitled to the sum of $421.35 plus interest from September 11, 1978. Therefore, judgment is granted to plaintiff against the defendant in the total sum of $821.35, plus appropriate interest.
As to the amount of this judgment, the county treasurer, upon service of a certified copy of said judgment and this order, shall pay over said sum to plaintiff.
Plaintiff’s motion as to a disposition of the balance on deposit with the county treasurer in the name of the de *827 fendant is denied, without prejudice, and with leave to renew upon proper papers and information and procedures, as follows:
1. A copy of the stipulation dated February 28, 1978, shall be annexed.
2. Information as to any will executed by the defendant shall be furnished.
3. In the event this motion is renewed, the court hereby appoints Zola A. Aronson, Esq., 1295 Northern Boulevard, Manhasset, New York, as special guardian for the infant son Steven C. Chiaramonte, who shall be given notice of the motion to renew and all other proceedings.
4. In the event this motion is renewed, the court hereby appoints Scott Fairgrieve, Esq., 311 Sayville Road, Mineóla, New York, as special guardian for the defendant Anthony F. Chiaramonte, who shall be given notice of the motion to renew and all other proceedings.
5. Copies of the motion to renew shall be served, by certified mail, return receipt requested, upon the parents, brothers and sisters, if any, of the defendant.
6. The attorney for the plaintiff is requested to submit law on the subject of the proper venue of this proceeding, namely, this court or the Surrogate’s Court.
The county treasurer is directed not to release the balance of the funds on deposit in the name of the defendant— except for the amount of plaintiff’s judgment as set forth herein — except upon a further order of this court.
. The attorney for the plaintiff is directed to serve copies of this order upon the attorney for the county treasurer, the two prospective special guardians, the parents and brothers and sisters of the defendant herein, if any, all by certified mail, return receipt requested, within 20 days of the date hereof.