Lorraine PIERCE, Petitioner,

v.

Evelyn HIGGINS, Administratrix of the
Estate of Owen S. Brown,
deceased, Respondent.

Family Court of Delaware,
New Castle County.

Submitted: Nov. 25, 1986.
Decided: May 10, 1987.

Lorraine Pierce, petitioner pro se.

Leonard L. Williams, Wilmington, for respondent.

WAKEFIELD, Judge.

The present action is one to register in Delaware a New Jersey support order against the personal representative of a deceased Delaware support obligor, and, inferentially, to enter judgment against such administratrix.

On December 20, 1976, a New Jersey County Court found decedent, Owen S. Brown, to be the father of Cheri Yvette Pierce, daughter of Petitioner, Lorraine Pierce, and ordered him to pay $14.00 per week support. The Order was made retroactive to July 22, 1974, and all payments were to be made by decedent to the Cumberland County Probation Department. Petitioner alleges that no support payments were ever made.

On December 21, 1983, Owen Brown, a Delaware resident, died. On February 13, 1984, Petitioner filed a Statement of Claim with Respondent as administratrix of Owen Brown's Estate. Respondent is also the mother of two other illegitimate children of decedent.

On February 20, 1984, counsel for the decedent's estate rejected the claim. As a result, on March 14, 1984, Petitioner filed a Statement of Claim with the Register of Wills and, thereafter, filed a complaint with the Court of Chancery on May 17, 1984. Respondent filed a Motion to Dismiss the Chancery action which was stayed by order of that Court on October 14, 1984 pending this Court's determination of whether or not support is owed.

On July 11, 1985, Petitioner then filed a petition with this Court to register the December 20, 1976 support order and on July 16, 1985, Respondent filed a Petition to Vacate Registration of Foreign Support Order. These are the petitions presently before the Court for decision.

The threshold issue to be considered is whether New Jersey or Delaware law

governs the present action. Whether we look at the New Jersey choice of law statute or Delaware's counterpart, the result is the same—Delaware law is to be applied. NJSA 2A:4–30.31 provides:

Duties of support applicable under this act are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding State during the period for which support is sought until otherwise shown.

Delaware's choice of law statute is substantially similar to New Jersey's. 13 *Del.C.* § 620 provides:

Duties of support applicable under this chapter are those imposed or imposable under he laws of any State where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

Application of either statute would lead to the conclusion that Delaware law applies to the case at bar since it appears that the decedent was a Delaware resident during all operative periods.

■ The substantive issue of whether this Court can hold a decedent's estate liable for arrears which accrued but were not reduced to judgment prior to his death is an issue of first impression for this Court. However, other jurisdictions have addressed this exact issue in a variety of ways.

In *Smith v. Bramhall*, Tex.App., 556 S.W.2d 112 (1977) in connection with divorce proceedings, decedent had been ordered to pay child support during his lifetime which he had failed to do prior to his death. The mother made a claim against the decedent's estate which the personal representative refused. The Court held that pursuant to 14.09(c) of the Texas Family Code[1] and existing case law, unpaid child support was a debt for which judgment could be entered. Holding further that the decedent's estate is responsible for his accrued debts, the Court reached the "logical conclusion" that the Court could render judgment for accrued but unpaid child support against decedent's executor.

Similarly, in *In re Lunah*, S.C.App., 288 S.C. 530, 343 S.E.2d 649 (1986), the former spouse of a deceased support obligor brought a claim against his estate for arrearages on a foreign child support order. The South Carolina Court rejected the estate's contention that accrued child support does not constitute a debt and held that "... where the obligor parent has not paid all sums due prior to his death, under an order for support of his child in a proceeding for a divorce or separation, the amount of arrears is a proper claim against his estate." Furthermore, the Court refused to require the obligee to obtain a judgment and then present that judgment to the personal representative before it could constitute a claim against the estate.

Although the Delaware Code requires that a claim be presented before constituting a claim against the estate, those requirements would appear to have been complied with (see discussion infra) and, therefore, would not constitute a significant difference such as to render the foregoing decision unpersuasive. However, there is one significant difference between Delaware law and that of South Carolina. Specifically, South Carolina considers a foreign divorce decree providing for monthly payments of child support a "final decree" which is entitled to full faith and credit. The order in case at bar is neither part of a divorce decree nor is it necessarily considered a "final decree" in Delaware.

Similarly, in *In re Weaver's Estate*, Ill. App., 3 Ill.App.2d 448, 122 N.E.2d 599 (1954) a support order was entered in con-

---

**1.** 14.09(c) provides "On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10–days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgment for debts."

Likewise 10 *Del.C.* § 925(9) authorizes this Delaware Family Court to render and enforce judgments in any proceeding before the Court.

nection with the parties' divorce. Upon decedent's death and some eight years after the child reached the age of majority, the mother made a claim against the father's estate for support arrears. The Illinois Court held that the amount of support which accrued up to the time the son attained the age of majority could be asserted as a debt against the estate recoverable by the child's mother. *See also, In re Estate of Bell*, 210 Ill.App. 350, *Pilackus v. Pilackus*, Ill.App., 328 Ill.App. 126, 65 N.E.2d 223. The Court declined to comment on any defenses the estate may have had.

Courts in both New York and California have also determined that petitioners are entitled to judgment against the estate of a deceased person for support which accrued prior to the obligor's death. *See, Chiaramonte v. Chiaramonte*, 106 Misc.2d 822, 435 N.Y.S.2d 523 (1981) also holding no triable issues existed; *Pelser v. Pelser*, Cal. App., 117 Cal.App.2d 228, 2 Cal.Rptr. 259 (1960) citing *Saunders v. Simms*, Cal., 190 P. 806, *Anderson v. Mart*, Cal., 47 Cal.2d 274, 303 P.2d 539 and *Hilton v. McNitt*, Cal., 49 Cal.2d 79, 315 P.2d 1.

A case which seems to run counter to the general rule is *Pryor v. Jump*, Okla.Supr., 183 Okl. 560, 83 P.2d 828 (1938) cited by the Petitioner in which the Oklahoma Supreme Court determined that proceedings in bastardy cannot be instituted against the personal representative. However, the facts in *Pryor* significantly differ from those in the case at bar. In *Pryor*, the plaintiff petitioned the Court for an additional postmortem sum for the support of her child, not for unpaid arrears. The factual differences between the cases renders Respondent's reliance on *Pryor* ill-advised.

Aside from the relevant persuasive case law, it could also be argued that the legislature intended that such a claim would survive the decedent. 10 *Del.C.* § 3701 enumerates causes of action which do *not* survive decedent. It provides:

All causes of action, except actions for defamation, malicious prosecution, or upon penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued. Accordingly, all actions, so surviving, may be instituted or prosecuted by or against the executors or administrators of the person to or against whom the cause of action accrued. This section shall not affect the survivorship among the original parties to a joint cause of action.

As is evident from the reading of this statute, the present cause of action did not expire with the decedent. This, coupled with 10 *Del.C.* § 3707 which provides that "A statutory right of action or remedy against any officer or person in favor of any person, shall survive to, or against the executor or administrator of such officer or person, unless it be specifically restricted by statute," indicates a legislative intent in favor of the survival of such an action as this.

It should be noted that this Court has determined that ancillary matters following a divorce decree survive the death of one of the parties where the Court has retained jurisdiction over such matters. *Husband C.E.W. v. Wife H.L.W.*, Del.Fam., 410 A.2d 1024 (1979). This is analogous to a support proceeding wherein the order for support has been rendered, but the Court retains jurisdiction over the matter for the purpose of enforcement.

■ The next issue is whether this Court can register a foreign support order against the estate or personal representative of a deceased support obligor. Registrations of foreign support orders generally are governed by 13 *Del.C.* § 639 which provides:

(a) *Registration of foreign support orders permitted.*—An obligee may register a foreign support order in a Court of this State in the manner, with the effect and for the purposes herein provided. The Chief Judge of the Family Court shall maintain a Registry of Foreign Support Orders in which he shall file foreign support orders.

(b) *Registration procedure.*—(1) An obligee seeking to register a foreign support order in a Court of this State shall

transmit to the Chief Judge of the Family Court the following:

 a. One certified copy of the order with all modifications thereof;

 b. One copy of the reciprocal enforcement of support act of the state in which the order was made; and

 c. A statement verified and signed by the obligee, showing the post-office address of the obligee, the last known place of residence and address of obligor, the amount of support remaining unpaid and a list of states in which the order is registered. Upon receipt of these documents the Chief Judge of the Family Court, without payment of a recording fee or other costs to the obligee, shall record therein in the Registry of Foreign Support Orders. The recording constitutes registration under this section.

(2) Within 10 days after the registration, the Clerk of the Court shall send by certified or registered mail to the obligor, at the address given at registration, a copy of the registered support order and the post-office address of the obligee. The Clerk of the Court shall docket the case. The Court shall proceed diligently to enforce the order.

(c) *Effect of registration; enforcement procedure.*—(1) Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a Court of this State. It shall have the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a support order of this State and may be enforced and satisfied in like manner.

(2) The obligor shall have 20 days after the mailing of notice of the registration in which to petition the Court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed.

(3) At the hearing to enforce the registered support order, the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the Court that an appeal from the order is pending or will be taken or that a stay of execution has been granted, the Court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as required by the rendering state. If he shows to the Court any ground upon which enforcement of a support order of this State may be stayed, the Court shall stay enforcement of the order for an appropriate period, if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this State.

Again, there is no provision which specifically restricts registration of a foreign support order post-mortem. Thus, 10 *Del.C.* § 3707 and § 3701 coupled with 13 *Del.C.* § 639 would indicate that such registration can occur against the personal representative of the deceased support obligor.

■ The actual act of registration of a foreign support order has been held to be merely a ministerial duty of a clerk. *Rosemary M. v. Robert M.,* Del.Fam., A–4101, Horgan, J. (November 3, 1981). *See also, Pinner v. Pinner,* N.C.App., 33 N.C.App. 204, 234 S.E.2d 633 (1977). Therefore, if this Court were to permit the registration of the order it would merely be permitting a clerk to perform his duties. It would not prejudice any of the obligor's rights regarding the foreign support order as the administratrix would have the opportunity to oppose such registration should any defenses to the registration exist and certainly would have the right to interpose defenses to actions for enforcement of the order so registered under § 639(c)(3). It is not inequitable to register this order and, in fact, the reverse is more likely true.

Respondent would have this Court believe that both the defenses of laches and the fact that decedent's seven other illegitimate children would be prejudiced is somehow controlling and would, in effect, ne-

gate § 3701's effect. Laches not only fails as a defense in the question now presented, but also fails as a defense to payment of the full amount of arrears (discussed infra). Although the order existed for eight years prior to its registration, § 639 poses no time limitation on such registration. In fact, had Petitioner attempted to register the order the day before decedent's death (approximately 1½ years prior to her action in this Court), he could not have availed himself of such a defense. Furthermore, laches is an equitable defense, and it is not inequitable to register this claim against the estate. In fact, it would be inequitable not to register it.

The "problem" of prejudicing the other children's rights is absurd. The diligence of this child's mother in obtaining an order and then making a claim against the estate should not operate against her and in favor of the other children merely because they are all members of the same class (decedent's illegitimate children) and the others will not receive as great a share (if anything) from their father's estate. The fact remains that a Court Order existed prior to decedent's death requiring him to support this child. Had the mother acted to register the order during the decedent's lifetime, the result would have been the same.

The next issue relates to possible defenses which may be asserted by the personal representative and what proofs must be made to establish the amount of arrears.

 The governing general principle of law is that an administratrix stands in decedent's shoes and has no greater or other rights or powers than the decedent would have had if living. *In re Oritz Estate,* Del.Ch., 27 A.2d 368 (1942). *See also,* 31 Am.Jur.2d *Executors and Administrators* § 744 (1967). Additionally, 13 *Del.C.* § 639(c) provides that a registered foreign support order shall be treated in the same manner and have the same effect as a support order of this State. This includes defenses which are available to a party. Therefore, as stated previously, any defense that can be asserted in any enforcement of support matter can be asserted here.

 The personal representative asserts the defenses of laches and the statute of limitations. Both of these defenses fail to serve as valid defenses to this action. The Family Court had specifically rejected the use of the defense of laches in child support matters. In *Brown v. Brown,* Del. Fam., B-1046, Poppiti, J. (May 15, 1981), this Court determined that, despite a 14 year delay between the order for support and the action to enforce the order, laches was not a permissible defense because the claim was at law rather than in equity. *See also, Cubbler v. Fortucci,* Del.Fam., D-2289, Poppiti, J. (September 15, 1981). The Court stated it did not view mother's inaction in bringing an enforcement action as either a waiver of the children's right to back support or a tacit agreement for the mother to assume the entire responsibility of support. Compare, *Long v. Long,* Del. Fam., A-4228, Poppiti, J. (November 29, 1982) in which statute of limitations and laches acted as a bar to the maintenance of a claim for arrears where the action was based on a separation agreement.

Negating the defense that the statute of limitations had run on the claim is somewhat more complex and really involves issues outside the jurisdiction of the Court. Respondent claims that the statute of limitations for filing a complaint against an estate (12 *Del.C.* § 2102), which requires that notice of a claim be given to an administrator within six months of the granting of letters, had run. Although we do not know the exact date of the granting of letters, we do know that it occurred sometime after December 23, 1983 (date of decedent's death) but before February 13, 1984 (date Petitioner filed her claim with the administrator). Thus, it would appear that the claim was filed with the administrator within the proper time period.

The claim, however, was rejected by the estate on February 20, 1984. Following the rejection of a claim (assuming that the rejection was valid), an action or suit must be commenced within three months of the written notice of the rejection of the claim. Although the complaint in Chancery was filed within the applicable three month limi-

tation period (suit was commenced on May 17, 1984), Chancery apparently determined that it lacked jurisdiction over an action for support arrears and ordered Petitioner to pursue her remedy under 13 *Del.C.* Ch. 6. At the time of Chancery's decision, it appears that the three month statute of limitations may have run and thus could potentially bar Petitioner's maintenance of this action in this Court.

■ Respondent argues that the running of the three month statute of limitations is compounded by Petitioner's failure to file a claim in this Court for an additional nine months after Chancery's order. The issue then becomes whether Petitioner's timely filing the petition in Chancery Court preserves her right to maintain the present action even though filed long after the three month limitation period referred to above. This is really a matter for Chancery to address at some future date if and when the New Jersey order is registered in Delaware and judgment entered thereon against the personal representative of the decedent.

■ The next issue is whether this Court has the authority to reduce the arrears to judgment against the personal representative. In light of the previous determination that the support obligation survives the decedent and that the New Jersey order should be registered and treated as an order of this State, it logically follows that this Court must have the authority to reduce the obligation to judgment unless other defenses are asserted.

The final issue is whether Family Court has jurisdiction to enforce an order it enters against the personal representative or whether this must be done through the Register of Wills and the Court of Chancery.

■ Although Family Court does have the authority to enforce its support orders against support obligors who are living, 12 *Del.C.* § 2102 et seq. appears to require *all* claims against a decedent's estate must be made against the personal representative and be enforced through Chancery. Additionally, it should be noted that the counsel

have stated that then Vice–Chancellor Walsh ordered that Family Court's determination be lodged with the Register of Wills and that any further proceedings should thereafter occur in Chancery. The Family Court file does not contain a copy of the said Chancery order and, hence, the Court relies on the general characterization of the order by counsel.

Both parties alleged that 10 *Del.C.* § 8113 grants Chancery exclusive jurisdiction over this matter. That statute provides:

> In all actions or claims against an executor or administrator of a decedent's estate, if the time within which the action could have been brought had not expired in the lifetime of the decedent, and if letters testamentary or letters of administration shall have been granted on such decedent's estate within 3 months after the date of the death of such decedent, then the period of limitations provided for in this chapter shall be extended for a period of 6 months from the date of the decedent's death. If the claim was filed within the proper time with the executor or administrator the defense of the statute of limitations shall not avail to such executor or administrator if he subsequently rejects the claim and action is commenced thereon within 3 months after the executor or administrator has notified the claimant of such rejection as provided by § 2102 of Title 12. (Code 1935, § 5143–A; 45 Del.Laws, c. 256; 10 Del.C. 1953, § 8112.)

This section merely deals with a statute of limitations and does not even state where the claim must be filed. However, it is similar to § 2102, et seq. in part.

## CONCLUSION

From the analysis of all the issues presented in the case at bar, we reach the conclusion that the support arrears which had accrued at the time of decedent's death constitute a valid claim which can be registered with this Court against the decedent's personal representative and that such arrears may be reduced to judgment by this Court provided that the proper

proofs are made. However, this Court has no jurisdiction to enforce such a judgment since that relief appears to be within the sole province of the Court of Chancery if at all. It is for that Court to determine the effect of this Court's judgment.

Order on notice to be prepared by Petitioner within 30 days. Once the support order is registered pursuant to such order, Petitioner must apply within 30 additional days for entry of judgment on the order so registered.